HARRY B. DAVIS, Respondent, *v.* WILLIAM ROSENZWEIG REALTY OPERATING COMPANY, Appellant, Impleaded with Another.

1. REAL PROPERTY — VENDOR AND PURCHASER — EQUITABLE LIEN — VENDEE MAY HAVE LIEN FOR AMOUNT PAID ON PURCHASE PRICE WHEN THERE IS A CONTRACT. A vendee who has made a payment upon an executory contract for the purchase of land has an equitable lien for the amount paid, by virtue of such contract and the payment thereon, so that, upon default by the vendor without fault of the vendee, the latter can foreclose the lien; but there can be no lien without a contract. The contract is the essential basis of the lien, for payment is simply an observance by the vendee of one of the express terms thereof. Rescission, therefore, destroys the contract *ab initio* and leaves the parties in the same situation as if no contract had ever been made, so that no lien can be had under such circumstances.

2. SAME — ACTION FOR RESCISSION OF CONTRACT FOR PURCHASE OF LAND FOR FRAUD PRACTICED BY VENDOR — VENDEE NOT ENTITLED TO LIEN FOR AMOUNT PAID — MAY HAVE MONEY JUDGMENT THEREFOR, AFTER RESCISSION OF CONTRACT. A vendee who is induced to enter into a contract for the purchase of land and pay part of the purchase price thereof, by false representations of the vendor, may maintain an action in equity for the rescission of the contract, and if rescission be decreed he becomes entitled to full relief, which includes, as an incident to rescission, the recovery of the amount paid on the execution of the contract. When the contract falls all rights derived therefrom by either party fall with it. The vendee has no right to a lien depending on the contract and the vendor has no right to retain the amount paid thereon. While the court has no power, in such an action, to render a judgment establishing a lien, it has power to decree rescission and follow it by such further relief as may be appropriate to rescission, even if it involves a judgment for money only. If rescission is not decreed there can be no judgment for money, but that legal relief necessarily follows the equitable relief, when granted.

3. SAME — ERRONEOUS JUDGMENT IN ACTION TO RESCIND CONTRACT FOR FRAUD OF VENDOR. Where, therefore, in an action brought by a vendee to rescind a contract for the purchase of land, on account of fraud practiced upon him by the vendor, to recover the sum paid on the contract and to establish a lien on the land therefor, the allegations of fraud were established by the evidence and judgment was awarded rescinding the contract, directing the recovery of the sum paid with interest thereon and adjudging the vendee to have a lien upon the premises for the amount paid and directing the foreclosure thereof, and a judgment for the deficiency, if any, that part of the judgment which awarded judg-

ment for a rescission of the contract and a return of the money paid thereon is proper, but the part awarding a lien and directing the foreclosure thereof with judgment for deficiency is erroneous, and should be stricken out.

4. PLEADING — COMPLAINT — DEMAND FOR MORE RELIEF THAN PLAINTIFF IS ENTITLED TO — WHAT JUDGMENT MAY BE RENDERED — CODE CIV. PRO. § 1207. The fact that the plaintiff, in such action, demanded more than he was entitled to is not important, because the defendant interposed an answer, denying the allegations of the complaint and pleading ratification and waiver by the plaintiff of any right to rescind or to recover damages, and when an answer has been interposed the Code provides that "the court may permit the plaintiff to take any judgment, consistent with the case made by the complaint and embraced within the issue." (Code Civ. Pro. § 1207.)

*Davis* v. *Rosenzweig Realty Co.*, 120 App. Div. 875, modified.

(Argued April 21, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 12, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to rescind a contract for the purchase of ten vacant lots in the borough of Manhattan on account of fraud practiced by the vendor upon the vendee, to recover the sum of $5,000 paid down thereon and to establish and foreclose a lien on the land therefor. The defendant in its answer denied that it made the alleged representations and pleaded ratification and waiver by the plaintiff of any right to rescind or to recover damages. The trial court rendered judgment for the plaintiff according to the theory of the complaint, and the Appellate Division unanimously affirmed.

*Benjamin N. Cardozo* and *Herbert H. Maass* for appellant. The plaintiff's election to rescind the contract was an abandonment of his lien. (Kerr on Fraud & Mistake [3d ed.], 338; Bigelow on Fraud, 415, 416; *Yeomans* v. *Bell*, 151 N. Y. 230; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Moller* v. *Tuska*, 87 N. Y. 166; *Terry* v. *Munger*, 121 N. Y. 161; *Strong* v. *Strong*, 102 N. Y. 69; *Rose* v. *Watson*, L. R. [10 H. L. Cas.] 672; *O. R. Co.* v. *Palmer*, 117 App. Div.

505; *Jennisons* v. *Leonard*, 21 Wall. 302; *Northrup* v. *Mead*, 121 App. Div. 389; *Tompkins* v. *Hyatt*, 28 N. Y. 353.) A contention that even though there was no lien, an action in equity would lie to declare the contract rescinded cannot be sustained. Equity maintains an action to rescind a contract for the sale of real property on account of fraud only where an affirmative decree of cancellation is necessary, either because the contract is a cloud on the title, or because, for some other reason, such as the existence of a negotiable instrument, it may be used to the suitor's prejudice. In the absence of such circumstances, an action for rescission is not a proper remedy. (*Bruner* v. *Meigs*, 64 N. Y. 506; *Ins. Co.* v. *Bailey*, 13 Wall. 616; *Buzard* v. *Houston*, 119 U. S. 347; *Bosley* v. *N. M. Co.*, 123 N. Y. 555; *G. Ins. Co.* v. *Reals*, 79 N. Y. 202; *Allerton* v. *Belden*, 49 N. Y. 375; *Town of Springport* v. *Teutonic Bank*, 75 N. Y. 397; *Grand Chute* v. *Winegar*, 15 Wall. 373; *Fowler* v. *Palmer*, 62 N. Y. 533; *Met. Ry. Co.* v. *Man. Ry. Co.*, 11 Daly, 373; *Hamilton* v. *Cummings*, 1 Johns. Ch. 517; *U. S.* v. *B. R. Co.*, 200 U. S. 472.)

*John Frankenheimer* for respondent. The vendee's lien exists in every case of lawful rescission of the contract, whether the rescission be on account of the innocent default of the vendor or on account of his willful fraud. (*Neblett* v. *Macfarland*, 100 U. S. 101; *Montefiore* v. *Montefiore*, 1 W. Black. 364; *W. Co.* v. *Watt*, L. R. [1 Ch. Div. 1902] 835; 2 Williams on Vendor & Purchaser, 730, 948; *Aberaman I. Works* v. *Wickens*, L. R. [4 Ch. App.] 101; *Mycock* v. *Beatson*, L. R. [13 Ch. Div.] 384; *Rose* v. *Watson*, 10 H. L. Cas. 672; *Hammond* v. *Pennock*, 61 N. Y. 145; *Matter of R. R. S. M. Co.*, L. R. [4 H. L.] 64; *Regrave* v. *Hurd*, L. R. [20 Ch. Div.] 1.) By asking a court of equity to rescind the contract because of the vendor's misrepresentation the purchaser does not abandon his right to a lien. (*Yeomans* v. *Bell*, 151 N. Y. 230; *Masson* v. *Bovet*, 1 Den. 69; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Hammond* v. *Pennock*, 61 N. Y.

145; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Goelth* v. *White*, 35 Barb. 76; *Moore* v. *M. R. F. L. Assn.*, 121 App. Div. 335; *Dubois* v. *Hull*, 43 Barb. 32; *Gould* v. *Cayuga Bank*, 86 N. Y. 75; *C. C. Co.* v. *Searing*, 47 Hun, 237.) Even if plaintiff was not entitled to a vendee's lien, the action was properly brought in equity for a rescission of the contract, and the judgment can be sustained so far as it decrees a rescission of the contract and directs a repayment of the deposit. (*Becker* v. *Church*, 115 N. Y. 562; *McHenry* v. *Hazard*, 45 N. Y. 580; *Bosley* v. *N. M. Co.*, 123 N. Y. 550; *Pruyn* v. *McCreary*, 105 App. Div. 302; Story's Eq. Jur. [13th ed.] §§ 694, 700, 700a, 701; *Gould* v. *C. C. N. Bank*, 86 N. Y. 75, 83; *Vail* v. *Reynolds*, 118 N. Y. 297; *Yeomans* v. *Bell*, 151 N. Y. 230; *Keefurs* v. *Weilminster*, 89 App. Div. 306; *Prince* v. *Jacobs*, 80 App. Div. 243; *Pritz* v. *Jones*, 117 App. Div. 643, 651.)

VANN, J. In the case of *Elterman* v. *Hyman*, decided herewith, we held that a vendee of land under an executory contract for the purchase thereof, has a lien on the land for the amount paid pursuant to the contract; that when the vendee is without fault and the vendor cannot give good title, the former may sue in equity for a foreclosure of his lien and that the commencement of such an action is not a rescission of the contract but an affirmance thereof to secure a right given thereby and by payment pursuant to its terms. (*Elterman* v. *Hyman*, 192 N. Y. 125.)

In that case no rescission was alleged or found. In this case, however, the plaintiff alleged that the vendor falsely represented to the vendee that "the bottom of said lots was not made ground but natural ground;" that the vendee was deceived thereby and induced to sign the contract and pay the sum of $5,000 thereon. The complaint then continues as follows: "That upon learning that the said representations aforesaid were untrue, the plaintiff demanded of the defendants the return of the said sum of five thousand dollars and a rescission of the agreement aforesaid, but the

defendants refused and still refuse to pay the said sum or any part thereof, or to rescind said agreement." The relief demanded was "that the said agreement be rescinded by reason of the false and fraudulent representations aforesaid; that the defendants be adjudged to pay the sum of five thousand dollars with interest from February 23rd, 1905, and that the plaintiff be adjudged to have a lien" upon the said premises and a foreclosure of the same.

The findings follow in substance the allegations of the complaint. The relief awarded was a rescission of the contract, the recovery of the $5,000 with interest from the date of payment, the establishment of a lien for the amount paid, the foreclosure thereof, and that upon a sale of the premises the money be brought into court; that the plaintiff be paid his $5,000 therefrom and that he recover judgment for any deficiency. The complaint was dismissed without costs as to one of the defendants who was held not to be a proper party. The Appellate Division unanimously affirmed upon the authority of *Occidental Realty Co.* v. *Palmer* (117 App. Div. 507). No question was raised by answer or during the trial as to the jurisdiction of the court and neither party demanded a trial by jury. Both parties tried the case on the theory that if the facts alleged in the complaint were established the plaintiff would be entitled to equitable relief of some kind.

The first question presented is whether the lien of a vendee for the amount paid on an executory contract for the purchase of land survives a rescission of the contract adjudged by a court of equity on the ground of fraud practiced by the vendor by which the vendee was induced to enter into the contract? Under the facts found the right of recovery at law for the sum paid is not questioned, but it is strenuously insisted that rescission destroys the contract and remits the parties to their original rights.

We held in the *Elterman* case that the vendee's lien was created by the contract and payment thereunder, and that upon default by the vendor without fault of the vendee the

latter could foreclose his lien. If we reasoned correctly in that case there can be no lien without a contract. Payment on the contract pursuant to its requirements gives a lien by operation of law. The contract is the essential basis of the lien, for payment is simply an observance by the vendee of one of the express terms thereof. Rescission, therefore, destroys the contract *ab initio* and leaves the parties in the same situation as if no contract had ever been made. Under these circumstances there can be no lien.

The second question is whether, even if the plaintiff was not entitled to a vendee's lien, the action was properly brought in equity for a rescission of the contract on the ground of fraud?

In *Becker* v. *Church* (115 N. Y. 562, 565) we said through Judge Gray: "There cannot be any doubt as to the jurisdiction of courts of equity over actions to cancel and set aside instruments on the ground of fraud in their procurement. Such actions are in the nature of preventive remedies. The existence of the instruments may be a well-founded source of anticipated danger by the party whom they do, or whom they are designed to affect. The reason for the maintenance of the action for their avoidance is to be found in the reasonable apprehension that the evidence of the fraud may not be always attainable, or that the defense of fraud may not always be available at law."

The general rule governing the subject is well set forth in 24 American and English Encyclopædia of Law (2nd ed.), 615, as follows: "Where the complainant in equity seeks to have a contract totally rescinded and declared void' for fraud, the fact that he seeks also a recovery of money is not sufficient ground for the refusal of the court to entertain jurisdiction; for in an action at law the recovery of money is the principal object, while in the suit in equity the rescission of the contract is the principal matter of relief and the recovery of money is merely an incidental although a necessary consequence; hence, the court being properly in possession of the cause for the purpose of granting purely equitable relief, will proceed to do complete justice between the parties, although a part of the

relief granted is purely legal in its nature. This principle is in full accordance with the broader principle of equity, that in all cases of fraud, if the party defrauded is entitled to any equitable relief as to the contract in which he has been defrauded and if it is necessary for him to establish the fraud in order to obtain this relief, the court will grant him full and entire relief, notwithstanding that as to a part thereof he has a perfect remedy in an action for damages at law."

As was said in *Vail* v. *Reynolds* (118 N. Y. 297, 302): "A person who has been induced by fraudulent representations to become the purchaser of property has upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. * * * He may bring an action in equity to rescind the contract and in that action have full relief. (*Allerton* v. *Allerton*, 50 N. Y. 670.) Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient, therefore, for the plaintiff to offer in his complaint to return what he has received and make a tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the damages sustained."

The plaintiff in this action adopted the second course suggested by bringing an action in equity to rescind and when rescission was decreed he became entitled to full relief, which included as an incident to rescission the recovery of the amount paid on the execution of the contract. Rescission was the primary right demanded by the plaintiff in his complaint and, as was well said by the appellant's counsel: "Whatever legal relief was claimed in this action was purely incidental and tributary to the equitable relief." When the contract fell all rights derived therefrom by either party fell with it. The plaintiff had no right to a lien depending on the contract and the defendant had no right to retain the amount paid on the contract. While the court had no power to render judgment establishing a lien, it had power to decree

rescission and follow it by such further relief as was appro-
priate to rescission, even if it involved a judgment for money
only. (*Baily* v. *Hornthal*, 154 N. Y. 648, 660.) If rescis-
sion had not been decreed there could have been no judgment
for money, but that legal relief necessarily followed the equi-
table relief that was granted. The fact that the plaintiff
demanded more than he was entitled to is not important,
because when an answer has been interposed the Code pro-
vides that "the court may permit the plaintiff to take any
judgment, consistent with the case made by the complaint,
and embraced within the issue." (Code Civ. Pro. § 1207.)

I think that the trial court, according to the allegations of
the complaint and the facts found, which are conclusive
upon us, properly rendered judgment for a rescission of the
contract and a return of the money paid thereon, but improp-
erly for a lien and the foreclosure thereof, with judgment for
deficiency.

The judgment appealed from should be modified by striking
therefrom all provisions relating to a lien, the foreclosure
thereof and judgment for deficiency, and as thus modified
affirmed, without costs in this court to either party.

GRAY, J. (dissenting). The plaintiff in this action seeks to
have rescinded an agreement made with the defendant com-
pany, whereby he agreed to purchase certain real estate in the
city of New York, upon the ground that the contract was
induced by false and fraudulent representations of a material
nature as to the character of the soil. As incidental relief he
demanded that the defendant pay to him the sum of $5,000,
which he had paid on account of the purchase price, together
with his expenses and costs, and that he have a lien upon the
premises for the same. He recovered a judgment for the
relief prayed for, except as to the lien for his expenses and
costs, and the judgment has been unanimously affirmed by
the justices of the Appellate Division.

The only question of law for our consideration, now, is
whether the vendee in an agreement for the purchase of real

estate, which fails through no fault on his part, but by reason of the refusal, inability, or, as in this case, the fraud, of the vendor, is entitled to an equitable lien on the land for any sums advanced on account of the purchase money. The question of the right of the vendee to such a lien, where the vendor is unable to convey according to the contract, has been determined affirmatively in *Elterman* v. *Hyman,* decided herewith. The present case does not, as I view it, differ in principle from that case; although it differs in the respect that this action is for a rescission. I do not need to discuss, at any length, the main question, which Judge VANN, in the case referred to, has so elaborately treated upon the authorities, as upon principle. What I shall, briefly, say is in support of the conclusion, which he reached as to the general right to the lien; although I differ as to the basis for the doctrine. I am quite unable to agree with him in the views expressed in this case. As I view the question, the vendee's lien, like that of the vendor, is, purely, the creation of equity and is quite independent of the contract; otherwise than as the contract is the cause for such an exercise of the power of a court of equity. Like a vendor's lien, it exists in equity upon the basis of certain necessary and natural presumptions, or of natural equities. The vendor is presumed not to intend to convey away his land without payment of the price agreed to be paid and, therefore, the land, where the vendee has gone into possession, will be impressed with a lien to the extent that the consideration remains unpaid. With a corresponding regard for the vendee, the court will presume that he made the partial payment on account of the price agreed to be paid, intending to rely, in the event of the failure of the contract through the fault of the vendor, and as security for a repayment, upon the land, in which he is deemed to have a beneficial interest through the partial performance of the contract. If the doctrine of a vendor's lien upon the land for the unpaid purchase money merits acceptance in the administration of justice by a court of equity, as I assume, we may accept it as within the province of equity to treat both parties with equal justice and to

give to each the same remedy. This doctrine, which is asserted in decisions by the English courts and by many text writers, finds its strongest support, in my opinion, in the view which is taken in equity of the relations of the parties to a contract for the sale and conveyance of land. In that view, the vendor becomes a trustee of the legal title for the vendee, where the vendee has paid, or is prepared to pay, the purchase price, and it is a logical application of the principle, where the vendee has paid a part of the price, and the contract comes to naught through the vendor's fault, to hold the latter as a trustee to the extent of the payment made. The vendee advances a part of the price of the land in the faith that the conveyance will, ultimately, be made to him upon the terms and in the manner agreed upon and that no fraud has been practiced by the vendor to vitiate the transaction. The vendor is chargeable with knowledge of this and, in receiving a portion of the price of the land, should, and will, be presumed to hold the legal title in trust, *pro tanto*, for the vendee; that, in the event of the contract failing through his fault, repayment of the money advanced may be secured.

If the theory is correct, it is immaterial whether the party agreeing to sell is, at the time, seized of the premises; for, if he thereafter acquires them, the trust will then arise in the vendee's favor.

I think that it follows, fairly, from what is held as to the general doctrine that whether the transaction of purchase fall through by reason of the inability of the vendor to convey as agreed, or whether, as in this case, the contract be rescinded before completion by reason of the vendor's misrepresentation of a material fact, in either event, the vendor's right to a lien cannot be affected. That view has been taken by the English courts, as will appear from the opinions in *Mycock* v. *Beatson* (L. R. [13 Ch. Div.] 384); *Rose* v. *Watson* (10 H. L. Cas. 672), and *Whitbread & Co., Limited,* v. *Watt* (L. R. [1 Ch. Div. 1902] 835), and it seems to me, always granting the right in equity to decree a lien, that it is a proper view. (And see 29 Am. & Eng. Ency. of Law [2d ed.], 730.) The objection is urged

that, assuming the right of a vendee to a lien, it is abandoned
where the contract is rescinded.   The argument is that " by
the election to rescind for fraud, a vendee dissolves the con-
tractual tie and renounces all the benefits resulting from the
contract, at the same time that he disclaims its burdens."   It
is sought, by the argument, to make a distinction between an
election to treat the contract as broken and an election to
avoid it.   This argument is based upon the premise that the
vendee's lien is a deduction from the contract and cannot
stand without it.   It is true that the contract establishes the
relations of the parties and is the evidence of their agree-
ments; but its rescission for the fraud of, or for a breach by,
the vendor should not affect the right of the vendee to his
equitable lien upon the land.   Why should it, if its creation
by equity is to secure to the vendee repayment of his
advances?   The contract, in such case, is not void, but void-
able, at the option of the purchaser.   If the option is exer-
cised, how is the right to invoke the equitable power of the
court to decree a lien lost?   I think that the argument disre-
gards the principle, upon which, as I conceive it, equity cre-
ates the lien.   The lien is decreed independently of the con-
tract; which does not give it, but furnishes the reason for the
decree.   (See *Whitbread & Co., Limited,* v. *Watt, supra.*)   The
complainant, demanding relief in equity from his agreement,
whether rescission is demanded because of an intentional, or of
an innocent, misrepresentation, is relieved, in either case, and
the parties are restored to their original status.   But, if the
vendor in the contract has received a part of the purchase price
of the land, is there any insuperable reason why he should not
be held as a trustee in respect thereof for the vendee and why
should the power of the court be less, in such case, to decree
a lien upon the land to secure the discharge of the trust duty?
The procedure effects an equitable result and it does not con-
travene any rule of law.   Is it correct to assert that the
plaintiff, in asking a court of equity to relieve him from the
obligation of an agreement induced by the defendant's mis-
representations, necessarily abandons his equitable remedy of a

lien upon the land to secure the repayment of the money advanced towards its purchase? I am disposed to think it is not. The court having equitable jurisdiction of the parties, when determining the vendor to be in fault and that the parties shall be placed in *statu quo*, proceeds to do full justice between them by determining that the vendee shall have a lien upon the land to secure him against the loss of the moneys paid towards its purchase. In order to ascertain the real nature of this exercise of equitable power, it may be considered in relation to its basis and to the result of its operation. The basis is the promise of the vendor to convey the land, as and when agreed, and that, meanwhile, he is a trustee of the legal title for the vendee to the extent of the purchase moneys paid. The extent of its operation is to subject the land to the execution of a trust, either to convey, where there has been full performance by the purchaser, or to return him his moneys, where the contract has failed and ceases to be binding through no fault of the latter. It supplies a remedy where the law falls short of accomplishing full justice. If equity lays hold of a pretext, or adopts a fiction, in such a case, it is no more than it does in many other cases, in order to enforce a natural right and to effect a just result.

For these reasons, I advise the affirmance of the judgment.

CULLEN, Ch. J., WERNER and WILLARD BARTLETT, JJ., concur with VANN, J.; GRAY, J., dissents from modification in opinion, and HISCOCK and CHASE, JJ., concur with him.

Judgment accordingly.