## COX v. STILLMAN.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. CANCELLATION OF INSTRUMENTS (§ 37*)—PROCEEDINGS—COMPLAINT.

Plaintiff alleged in his complaint: That he performed services in clearing up the title to a tract of land condemned by the federal government; that the administrator of the owner had approved his claim; that the owner had conveyed one-half her lands and the avails thereof to defendant's testator under a contract by which the testator was to take out of any moneys obtained from the federal government the costs and expenses of maintaining the title to the property and prosecuting her claim; that subsequently plaintiff obtained judgment against the administrator of the owner; that defendant, who was also successor in interest to his testator, said to plaintiff that he had no money or property in his hands belonging to the owner's estate; that plaintiff, relying on those representations, assigned his judgment to defendant for 50 per cent. of its face value; and that defendant had collected on the claim of the owner against the federal government a sum named which was greatly in excess of the amount claimed by defendant. The complaint also disaffirmed the assignment of the claim and judgment to defendant, and offered to return any money received thereunder, and asked that upon an accounting defendant pay plaintiff the moneys collected upon the claim less the amounts advanced by defendant to plaintiff. *Held,* that the complaint set forth a good cause of action for the rescission of the contract between plaintiff and defendant and was not demurrable as calling for an accounting of moneys in the hands of defendant belonging to an estate subject to administration in another state.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 37.*]

2. CANCELLATION OF INSTRUMENTS (§ 24*)—CONDITIONS PRECEDENT—RESTORATION OF CONSIDERATION.

In an action for the rescission of a contract, it is sufficient if plaintiff offered in his complaint to return what he has received and make a ten-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der of it on trial; but, where defendant has money in his hands with which to pay a claim of plaintiff and fraudulently represents to plaintiff that he has no money and secures an assignment of plaintiff's claim to him for 50 per cent. of its face value, a return by plaintiff to defendant of any money paid on the assignment is not a condition precedent to bringing an action to cancel the assignment.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 33–38; Dec. Dig. § 24.*]

McLennan, P. J., dissenting.

Appeal from Special Term, Cayuga County.

Action by James R. Cox against James Stillman. A demurrer to an amended complaint was sustained, and plaintiff appeals. Reversed.

See, also, 59 Misc. Rep. 248, 112 N. Y. Supp. 328.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Aiken, for appellant.

Frederic E. Storke, for respondent.

KRUSE, J. The complaint shows that the plaintiff, an attorney, had a claim for professional services and disbursements, in clearing up the title of one Maria Josefa Cavazos, a Mexican, to certain lands situate in the state of Texas, which had been condemned by the United States government for military purposes, and Congress made an appropriation of $160,000 to pay therefor. The owner died before the appropriation was made. An administrator of her estate was appointed by the probate court of Texas. The plaintiff rendered his bill to the administrator in January, 1891, showing a balance due him of $6,923.30, which was approved by the administrator, with notice, however, to the plaintiff that he had no funds with which to pay the same until the government should pay the amount of the appropriation. Before the presentation of the claim, Maria Josefa Cavazos had made a deed of conveyance to one Charles Stillman, of New York City, of an undivided half of the lands and the avails thereof, and authorized Charles Stillman to deduct from any moneys obtained from the United States government the costs and expenses of maintaining the title to the property and of prosecuting her claim. Thereafter Charles Stillman died, leaving a will, and the defendant, his son, was appointed and qualified as the executor thereof and eventually acquired all the right, title, and interest of his father in the property and the avails thereof, and undertook to carry out and perform his father's obligations and duties in respect of the same.

In January, 1896, the plaintiff commenced an action in the Supreme Court against the administrator of the estate of Maria Josefa Cavazos and obtained judgment thereon. That action seems to have been commenced by substituted service of the summons and attempted seizure, under an attachment, of the moneys in the hands of the defendant belonging to the said estate; but the defendant, here, certified that he had no property of the defendant in that action. Whether that judgment was valid as against the foreign administrator, and whether the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

money, if any, in the hands of the defendant, was subject to the attachment, it is unnecessary to decide. We may assume that such attempted seizure was not effective, and that the judgment has no binding force as against the administrator. That the plaintiff had a valid claim for the amount stated against the Cavazos estate clearly appears by the complaint.

After the plaintiff's bill had been approved by the administrator of the Cavazos estate, and before he commenced his action in January, 1896, and on or about the 22d day of March, 1893, the plaintiff assigned to the defendant his said claim, as collateral security for money which the defendant had advanced to the plaintiff, and for any future indebtedness or advancement which the defendant might make to the plaintiff, and authorized the defendant to collect the claim; the defendant agreeing to hold, collect, and enforce the same and to account and pay over to the plaintiff all that he might collect, after satisfying his indebtedness and interest. The moneys so loaned and advanced to the plaintiff by the defendant aggregated the sum of $1,650. The complaint further alleges: That after the making of the certificate of January 10, 1896, in which the defendant certified that he had no property of the Cavazos estate, the defendant having sued the plaintiff for the loan and advances which he had theretofore made to the plaintiff, the defendant proposed to purchase the judgment against the said estate for 50 per. cent. of the face value thereof, and stated to the plaintiff that he had little or nothing of money or property in his hands, belonging to the said estate; that the plaintiff, relying upon these representations and the said certificate, and induced thereby, executed an assignment of the judgment, and the defendant paid to the plaintiff the sum as agreed upon; that said representations made by the defendant were false and untrue, and made with the intent to induce the plaintiff to execute the assignment; that in fact the administrator of said estate had collected, on or about May 4, 1895, the said sum of $160,000, and the said administrator had paid over to the defendant $100,000, which was received soon after the said administrator received the same, and the defendant had the same in his possession at the time the representations were made; that the plaintiff did not discover the fraud until December, 1905. Various allegations are then made relating to these moneys, after they were received by the defendant, which need not be set forth in detail, and the plaintiff then alleges that the defendant has received and collected the full amount of the plaintiff's said claim. The plaintiff disaffirms the settlement made in March, 1896, when he made an absolute assignment of his claim to the defendant, and offers to return any moneys received thereunder that the court shall adjudge equitable, and asks that upon an accounting the defendant pay to the plaintiff the moneys collected upon the claim, less the amounts advanced by the defendant to the plaintiff.

The learned justice at Special Term held that the complaint failed to state facts sufficient to constitute a cause of action and sustained the demurrer. That conclusion seems to have been reached upon the theory that the action is brought for an accounting of moneys in the

hands of the defendant, as custodian, belonging to the Cavazos estate, out of which the plaintiff claims he is entitled to be paid, which are subject to administration by the Texas court. It was therefore held that our courts are without jurisdiction to compel the defendant to disburse these moneys, in the absence of any decree by the Texas court, to which the personal representative of the estate was a party, that this case is not one where a court of equity obtains jurisdiction of property, and then to prevent a failure of justice brings in a foreign administrator. We have, however, reached the conclusion that this action is not of that nature.

The foreign administrator is not concerned with the accounting between the defendant and the plaintiff; it appearing that the plaintiff's claim has been paid in full. The nature of the action, as we conceive it, is for a rescission of the assignment of the plaintiff's claim to the defendant upon the ground of fraud. If such rescission shall be decreed, then the parties are left in the same situation as they were when the assignment was made, as collateral security, and the accounting relates to the moneys which the defendant has collected and applied upon the claim. In an action in equity, brought for the rescission of a contract, it is sufficient if the plaintiff offer in his complaint to return what he has received and make a tender of it on the trial. Davis v. Rosenzweig Realty Company, 192 N. Y. 128, 84 N. E. 943. In this case, however, it would seem that the rights of the parties can be equitably adjusted without the return by the plaintiff to the defendant of any money, since it appears that the defendant has collected the claim in full, which is more than the amount of the defendant's loans to the plaintiff.

A decree compelling the defendant to pay the difference between what he has collected and the amount of the loans and advances seems just and equitable; but the precise relief to which the plaintiff is entitled, if any, can better be determined when all the facts are before the court. We only decide now that the plaintiff's complaint states a good cause of action.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with the usual leave to the defendant to plead over upon payment of costs. All concur, except McLENNAN, P. J., who dissents.