## GOODMAN v. SCHWAB.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. CANCELLATION OF INSTRUMENTS (§ 57*) — INCIDENTAL RELIEF — LIEN FOR MONEY PAID.

A judgment decreeing, at the suit of the purchaser, a cancellation of the contract of sale and purchase for the vendor's fraud, may not also adjudge that the purchaser has a lien on the premises for the payment of his deposit.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 116; Dec. Dig. § 57.*]

2. VENDOR AND PURCHASER (§ 143*)—OBJECTIONS TO TITLE—WAIVER.

Where a purchaser objected to taking title at the time of closing solely because of misrepresentations on which he relied in making the contract, and where his counsel at the time made all the technical objections to the title which he could think of for the sole purpose of laying the foundation for a lawsuit, other objections to the title could not be considered.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 269; Dec. Dig. § 143.*]

3. VENDOR AND PURCHASER (§ 134*)—TITLE—OBJECTIONS.

Where a purchaser knew of the presence of an elevated railroad in front of the premises, and of monthly tenancies, and the vendor was willing to pay unpaid water rents, which were a lien, the purchaser could not object to the title because of the unpaid water rents, and because the premises were incumbered by monthly tenancies and by rights acquired for the maintenance of the elevated railroad.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 250–254; Dec. Dig. § 134.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Evidence (§ 366*)—Secondary Evidence—Admissibility.

    A paper purporting to be a survey made by a city surveyor is not admissible, where no attempt is made to lay any foundation for its receipt in evidence.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1521–1539; Dec. Dig. § 366.*]

Appeal from Special Term, New York County.

Action by Isaac Goodman against Joseph S. Schwab. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Charles Goldzier, for appellant.
Isidor Cohn, for respondent.

MILLER, J. The judgment appealed from decrees a rescission of a contract of purchase and sale of real property, and adjudges that the plaintiff, the vendee, have a lien thereon for the amount of his deposit. It is impossible to sustain it in that form. Davis v. Rosenzweig, 192 N. Y. 128, 84 N. E. 943, 20 L. R. A. (N. S.) 175.

The plaintiff's difficulty results from his attempt in one action to obtain a rescission of the contract for fraud and a judgment establishing a lien for the amount of his deposit on account of the vendor's inability to give a good title. The trial court found that the defendant, by certain false and fraudulent representations, induced the plaintiff to enter into the contract; also that certain objections to the title, made by the plaintiff, were valid, to wit: (a) That certain unpaid water rents were a lien; (b) that the premises were incumbered by certain monthly tenancies; (c) that the premises were incumbered by rights acquired for the maintenance of an elevated railroad in an adjacent street; (d) that the premises encroached upon the street.

It would seem to be a sufficient answer to the objections to the title that the plaintiff testified that he objected to taking title at the time of closing solely because the representations upon which he relied in making the contract were untrue. It is quite plain that the plaintiff's counsel, at the time of closing, made all the technical objections to the title which he could think of, for the sole purpose of laying a foundation for a lawsuit. Moreover, it is undisputed that the defendant was willing to pay the unpaid water rents, and it can easily be inferred that the plaintiff knew of the presence of the elevated railroad in front of the premises and of the so-called monthly tenancies. To show fraud, he relies upon representations of the amount of rentals received. The only evidence to show the street encroachments was a paper, purporting to be a survey made by a city surveyor; but no attempt was made to lay any foundation for its receipt in evidence, and proper objection and exception were taken to the admission of it. In view of the state of the record, thus outlined, we have no alternative for the granting of a new trial.

The judgment should be reversed, and a new trial granted, with costs to abide the final award of costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes