### HEIDENREICH v. DOUSHKESS.

(Supreme Court, Special Term, New York County. February, 1912.)

1. FRAUD (§ 32*)—REMEDIES.

 A party, induced by fraud to enter into a contract, may either stand on it and sue for damages at law, or may go into equity for a rescission.

 [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 28; Dec. Dig. § 32.*]

2. FRAUD (§ 32*)—REMEDIES.

 Where a person, in addition to false representations to induce the purchase of a shoe factory and a stock of leather, made express warranties, the purchaser may sue either for the fraudulent representations or on the warranties made..

 [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 28; Dec. Dig. § 32.*]

Action by Herman Heidenreich against Israel Doushkess to rescind sale for fraud. Finding for plaintiff.

. Bernard Chambers, for plaintiff.

Israel H. Perskin, for defendant.

GIEGERICH, J. [1] From the facts found by me, as noted upon the margins of the plaintiff's requested findings of fact, he is clearly entitled to judgment rescinding the contract, to the return of the

purchase price, and to other forms of relief indicated on plaintiff's requested conclusions of law, with costs. The defendant urges that, since the action is for a fraud perpetrated by the defendant upon the plaintiff, he has an adequate remedy at law. Such remedy as he has at law is not exclusive; but he may go into a court of equity, and ask for a rescission, and offer by his complaint to return all he has received. Gould v. Cayuga County Nat. Bank, 86 N. Y. 75; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Davis v. Rosenzweig Realty Co., 192 N. Y. 128, 84 N. E. 943, 20 L. R. A. (N. S.) 175, 127 Am. St. Rep. 890; McNaught v. Equitable Life Assur. Soc'y, 136 App. Div. 774, 121 N. Y. Supp. 447. As was said in Vail v. Reynolds, supra, at page 302 of 118 N. Y., and page 303 of 23 N. E.:

"A person who has been induced by fraudulent representations to become the purchaser of property has, upon discovery of the fraud, three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. * * * He may bring an action in equity to rescind the contract, and in that action have full relief. Allerton v. Allerton, 50 N. Y. 670. Such an action is not founded upon a rescission, but is maintained for a rescission; and it is sufficient, therefore, for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received, and bring an action at law to recover the damages sustained."

[2] The fact that the defendant, in order to induce the plaintiff to purchase the shoe factory and the stock of leather, and to pay the sum of $1,056.11 therefor, made certain express warranties in addition to the false representations alleged in the complaint, does not deprive the plaintiff of the right to pursue either of these remedies. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593.

The requests for findings of the respective parties have been passed upon as indicated upon the margins. Let a complete copy of the decision be prepared and submitted for my signature upon two days' notice of presentation, with proof of service on the other side.