LOUIS LAPIDUS, Respondent, *v.* ABRAHAM CANNO and MAX CANNO, Appellants.

Third Department, November 14, 1917.

Contract — suit for cancellation of transfer for failure to convey free from incumbrances, and to secure lien upon property — fraudulent representations and conspiracy — partnership — action for breach of partnership agreement and for accounting — evidence.

Where a plaintiff purchased the undivided one-half interest of one of two brothers in creamery properties operated by them, which was to be transferred free and clear of all incumbrances, but the conveyances contained no covenants, and on the date thereof the plaintiff and the other brother executed articles of copartnership for continuing such business, and at the time there were, unknown to the plaintiff, three judgments against the defendants, and the amended complaint demanded the cancellation of said conveyances, the return to the plaintiff of the purchase price, and a lien upon the property upon the ground of fraudulent representations and conspiracy on the part of the defendants to defraud the plaintiff, but the agreements between the plaintiff and the defendants were each of them fully executed and consummated, and the plaintiff neither returned nor offered to return the property which he had received, nor rescinded nor offered to rescind the contract under which he had acquired it, he was only entitled to such damages as he sustained by the breach of the contract by the defendant from whom he had made the purchase, and was not entitled to have the judgment declared a lien upon the property.

Since the defendant partner effected a breach of the partnership agreement by taking possession of the partnership assets, any depreciation in the value of the partnership property is chargeable to his acts, and the plaintiff is entitled to receive from the proceeds of the sale of the partnership property, before any deduction is made for the costs and expenses of the action, a sum equal to one-half the proceeds of the sale less the amount due from the plaintiff to the defendant partner upon the settlement of the partnership accounts. From the remaining one-half of the proceeds of such sale, with the amount due from the plaintiff to the defendant partner added thereto, there should be paid such amount as may be necessary to discharge the judgments and liens against the property and the costs and expenses of the action so far as such remaining portion will pay the same. The balance of said proceeds, if any, should be paid to the defendant partner. If said balance be insufficient to pay the judgments and liens against the property, and the costs and expenses of the action, such deficiency should be paid from the proceeds of the partnership property to which the plaintiff is entitled, and the latter should have judgment against defendants for such deficiency.

APPEAL by the defendants, Abraham Canno and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 2d day of November, 1916, upon the decision of the court after a trial at the Ulster Special Term, with notice of an intention to bring up for review an interlocutory decree, entered in said clerk's office on the 12th day of June, 1916, and also an order entered in said clerk's office on the 21st day of December, 1914, denying defendants' motion to change the place of trial herein.

*Lewis & Schaap* [*Herman M. Schaap* of counsel], for the appellant Max Canno.

*Benjamin H. Lieberman,* for the appellant Abraham Canno.

*Andrew Colvin,* for the respondent.

LYON, J.:

On and prior to the 17th day of May, 1913, the defendants, who are brothers, were engaged in operating three creameries situated in the county of Sullivan, N. Y., of two of which they were the owners, and of the other the lessees. On that day the plaintiff and the defendant Max Canno entered into an agreement by which the plaintiff in consideration of

the defendant Abraham Canno agreeing to enter into a partnership with him to continue said business, agreed to purchase the undivided one-half interest of Max Canno in said creamery properties and business for the sum of $4,000, the property and business to be conveyed to the plaintiff free and clear of all incumbrances. On the 3d day of July, 1913, said properties were in operation and apparently doing a prosperous business. The plaintiff then paid to Max Canno the balance of the purchase price, and Max Canno thereupon transferred to the plaintiff his undivided one-half of the personal property of the partnership, and executed and delivered to the plaintiff conveyances of his undivided one-half of the partnership real estate, which conveyances contained no covenants of warranty or other covenants. On that day the plaintiff and the defendant Abraham Canno executed articles of copartnership for continuing such business so long as they might desire, the principal business office of the firm to be at the place of business of Abraham Canno in the borough of Brooklyn, city of New York, and the sales station at the place of business of the plaintiff in the borough of Manhattan, city of New York. Two days after the formation of said partnership and on the 5th day of July, 1913, Abraham Canno moved the sales station to Brooklyn, and excluded the plaintiff from active participation in the business.

At the time of the execution of said conveyances there were of docket in Sullivan county clerk's office three judgments against the defendants, one entered October 3, 1912, for $396.76; one February 10, 1913, for $124.88, and one June 11, 1913, for $596.81, of which fact the plaintiff was wholly ignorant at the time he paid the balance of the purchase price, accepted the conveyances, and entered into the partnership agreement. Upon being informed in August, 1913, of the existence of said judgments the plaintiff demanded of the defendants that they cause such liens upon the property to be removed. Thereafter the judgment for $396.76 which had been obtained by default was opened and the action was tried resulting in a judgment entered December 3, 1913, against the defendants for $527.84. On appeal to this court the judgment was affirmed. An appeal to the Court of Appeals was pending at the time of the trial hereof. The

judgment for $124.88 was reversed upon appeal to this court, but a judgment of reversal had not been entered at the time of the trial. The judgment for $596.81, obtained by default, was opened, the judgment to stand as security for the payment of such judgment as might be recovered. The case had not been tried at the time of the trial of this action, but has been held awaiting the decision of the Court of Appeals upon the prior judgment. The partnership between the plaintiff and the defendant Abraham Canno was carried on, and the plaintiff received the benefit thereof until October 3, 1913, each party drawing from the partnership funds $50 per week. The plaintiff continued to purchase merchandise from the partnership for use in his retail store in the borough of Manhattan until in December, 1913, when having refused, to pay therefor, further delivery of merchandise to him ceased. In January, 1914, this action was commenced.

The original complaint demanded an accounting as to partnership matters; the partition and sale of the partnership property, and judgment for the release and discharge of said judgments. The amended complaint demanded the cancellation of the said conveyances; the return to plaintiff of said $4,000, and a lien upon the property upon the ground of fraudulent representation and conspiracy on the part of the defendants to defraud the plaintiff. The properties were not operated after about July, 1914. On March 10, 1915, the plaintiff conveyed his interest in the partnership real estate to his wife.

At the close of the trial before a jury in July, 1915, both parties moved for judgment, whereupon the court dismissed the jury, reserved decision, and directed the submission of briefs. The court to which the decision of the case was later submitted by stipulation granted judgment against the defendant Abraham Canno for an accounting in which a counterclaim for the value of merchandise furnished to the plaintiff by the partnership was to be determined, and held the defendant Max Canno liable to the extent that the interest of Abraham Canno in the partnership assets should be insufficient to discharge its one-half of the judgments. An interlocutory judgment was entered in accordance therewith, with costs in favor of the plaintiff against both defendants. Thereafter

it was stipulated that the profits of the said partnership business of the plaintiff and Abraham Canno were $23.32, and that the plaintiff was indebted to the said partnership in the sum of $408.36. The court found as a fact that there was no proof that Max Canno had in any way or manner interfered with the conduct or affairs of said partnership, or that he had received any profit therefrom, or that he had in any wise or at any time conspired with Abraham Canno to influence, or in any manner affect the partnership of the plaintiff and Abraham Canno. Prior to the entry of the final judgment a receiver of the property was appointed, and subsequent to the entry of the final judgment the property was sold by him. What sum was realized therefor does not appear. Following the sale the wife of the plaintiff quit-claimed to the purchaser at the receiver's sale all her interest in the property. This was stated by plaintiff's counsel upon the argument to have been in accordance with the understanding at the time the property was conveyed to her by the plaintiff, which was done in order to prevent judgments against any of the parties to the action attaching as liens against the property.

A final judgment was entered awarding judgment against both of the defendants for the sum of $4,000 with interest thereon from July 12, 1913, and for the costs of the action granted by the interlocutory judgment, and also for an extra allowance of two and one-half per cent, less the sum of $192.52, the amount due from the plaintiff to the defendant Abraham Canno upon the settlement of the partnership accounts. The final judgment directed the sale of the partnership real and personal property by and under direction of said receiver, free and clear of all liens of record, including any lien created by levy under execution or otherwise, but directed that the receiver pay to the plaintiff the costs and expenses of the action, including the extra allowance, and that he retain the expenses of the sale, and his proper fees and disbursements as receiver, bringing the remainder into court for further direction, but not to be distributed except upon notice to the attorneys of record of the judgment creditors. Said judgment adjudged that the defendant Max

Canno be held personally liable for one-half the amount necessary to cause said judgments to be discharged, and also to the extent of the defendant Abraham Canno's interest in the partnership property should it turn out to be insufficient to discharge its one-half of the judgments; and also that the defendant Max Canno should be personally liable for any deficiency in the payment of the money judgment after the application of the proceeds of the sale of the partnership property. From such judgment, as well as from the interlocutory decree, this appeal has been taken.

The legal effect of the judgment was to award to the plaintiff the sum he paid to Max Canno for a one-half interest in the real and personal property, with interest from the time of such payment, deducting therefrom the said amount found due from the plaintiff to Abraham Canno upon the settlement of their partnership affairs; and declaring said judgment to be a lien upon said property, and providing for the enforcement of such lien.

The contract between Max Canno and the plaintiff was fully executed; and the said agreement between the plaintiff and the defendants and each of them fully consummated, and any finding of the court inconsistent therewith is disapproved. The plaintiff neither returned nor offered to return the property which he had received, nor rescinded nor offered to rescind the contract under which he had acquired it, and was only entitled to such damages as he sustained by the breach of defendant Max Canno's contract; and was not entitled to have the judgment declared a lien upon the property. (*Davis v. Rosenzweig Realty Co.*, 192 N. Y. 128.) The case of *Elterman v. Hyman* (192 N. Y. 113), relied upon by the respondent, is not in point. The contract there considered was executory, and not an executed contract as in the present case. The defendant Max Canno failed to perform his contract to convey the property free from incumbrance. The defendant Abraham Canno breached the partnership agreement and took possession of the partnership assets and any depreciation in the value of the partnership property is chargeable to his acts. Whether the interest of Abraham Canno in the partnership property is sufficient to discharge the liens against the property does not appear.

Upon the foregoing facts and the findings of the trial court the plaintiff is entitled to receive from the proceeds of the sale of the partnership property before any deduction is made for the costs and expenses of the action, receivership, sale and distribution thereof, a sum equal to one-half the proceeds of the sale, less $192.52. From the remaining one-half of the proceeds of such sale, with $192.52 added thereto, there should be paid such amount as may be necessary to discharge the judgments and the liens against the property, the costs and expenses of the action including the additional allowance of two and one-half per cent on the amount due to the plaintiff, the costs and expenses of the receivership, sale and distribution of the proceeds, so far as such remaining portion will pay the same. The balance of the said proceeds, if any, should be paid to the defendant Abraham Canno. Should the said balance of one-half the proceeds of the sale together with $192.52 be insufficient to pay and discharge the judgments and liens against the property, the costs and expenses of the action, including the additional allowance, and the costs and expenses of the receivership, sale and distribution, such deficiency should be paid from the proceeds of the partnership property to which the plaintiff is herein declared to be entitled, and the plaintiff should have judgment against the defendants for the amount of such deficiency.

The judgment appealed from must be thus modified and as so modified affirmed, without costs to either party.

All concurred, COCHRANE, J., not sitting.

Judgment modified as per opinion, and as so modified affirmed, without costs to either party.