PERCY S. ROWE, Respondent, v. HOLLIS HOLDING CORPORATION and BERTRAM FINK, Appellants.— Judgment modified by striking out the decretal portions thereof and substituting in place thereof a provision for the recovery by plaintiff from the defendants of the sum of $1,000, with interest and costs, and as so modified unanimously affirmed, with costs to respondent. Finding of fact 12 and proposed findings of the defendants found by the trial court numbered 7, 8 and 10 are reversed as contrary to the evidence. Conclusion of law 3, and also 4 so far as it finds that plaintiff is entitled to a lien on the premises in question and directs a sale thereof, are reversed. As the plaintiff elected to rescind the contract and sue for his deposit, he is not entitled to a lien upon the property in question. (*Davis* v. *Rosenzweig Realty Co.*, 192 N. Y. 128.) Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ. Settle order on notice.

HARRY RUDIN, Appellant, v. YETTA COHN and MAX COHN, Appellants, and EDMUND J. PICKUP, Receiver, Respondent.— The decision of this court handed down on March 8, 1932, ▇ is hereby amended to read as follows: On argument, by consent of the parties, and the receiver not opposing, order appointing receiver modified so as to provide that the two attorneys agreed on by the parties be appointed receivers in the place and stead of the present appointee, and further by reducing the amount of the undertaking required to be given to the sum of $1,000, and as so modified affirmed. Appeal from order denying motion to vacate order appointing receiver dismissed. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.

DAVID SEGALL, Respondent, v. JACOB GREENFIELD and ROSIE GREENFIELD, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ.

DELIA A. WALSH, as Administratrix, etc., of THOMAS F. WALSH, Deceased, Appellant, v. ERIE RAILROAD COMPANY, Respondent.— Judgment dismissing the complaint without prejudice, reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. While the trial court properly ruled that negligence of the defendant had not been established under the evidence adduced, nevertheless a continuance of the trial asked for at folio 397 should have been granted in view of the unpreparedness of the plaintiff's attorney by reason of his being so recently brought into the case, which fact was made known to the court with greater particularity in an application made before the trial was begun. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

MAX WEINER, Appellant, v. ALBEE GODFREY WHALE CREEK Co., INC., and Another, Defendants, Impleaded with P. J. CARLIN CONSTRUCTION COMPANY, Respondent.— Order, as resettled, granting motion of respondent to dismiss plaintiff's complaint for lack of prosecution and judgment entered reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. We are of opinion that upon the facts presented plaintiff should be permitted to try his case. The appeal from the order denying motion to reconsider said motion to dismiss is dismissed as not appealable. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.