WICKHAM *et al. v.* STERN *et al.*   BLACKINGTON *et al. v.* SAME.   ENLGE-
FIELD *et al. v.* SAME.   SCHENKEIM *et al. v.* SAME.

*(City Court of New York, Special Term.   December 23, 1889.)*

1. ATTACHMENTS—AGAINST EXECUTORS—DESCRIPTION OF PERSON.
   Though an attachment cannot issue against an executor for a demand against his decedent, it may issue against "A. & B., executors," for a debt contracted by them while trading under that name.

2. SAME—AFFIDAVIT—FRAUDULENT DISPOSITION OF PROPERTY.
   Attachments issued against defendants for fraudulent disposition of property, upon affidavits that on November 1st they obtained credit by representing that their trade was prosperous, and that on November 29th they confessed judgments

aggregating $37,394, leaving debts to the trade amounting to $100,000, with property only sufficient to pay the judgments. Defendants, without attempting any explanation, moved to vacate the attachments. *Held*, that the motion should be denied, as it admits, for the purposes of this proceeding, the truth of the affidavits, which are sufficient to warrant the issuing of the attachments.

On motions to vacate attachments.

The attachments in these cases were issued against Simon Stern, executor, and Dinah Stern, executrix, of Joseph Stern, deceased, at the suit of Daniel H. Wickham and others, William Blackington and others, John Englefield and others, and Hyman Schenkeim and others.

*Franklin Bien,* for plaintiffs.    *W. Warley Platzek,* for defendants.

McADAM, C. J.    While it is true that an attachment cannot issue against an executor or administrator, in his representative capacity, for a demand against his decedent, (*In re Hurd,* 9 Wend. 465,) it is equally clear that an attachment may issue in a proper case, against a person holding a position of executor or administrator, for a debt contracted and owing by himself.    The debts contracted here were created by a firm composed of the defendants.    The debts are obligations of the defendants, and not of the decedent.    Indeed, they could not charge his estate with debts contracted by them.    See cases collated in *Moran* v. *Risley,* 1 City Ct. R. 229; *Ryan* v. *Rand,* 20 Abb. N. C. 313. The addition to their names of "executor" and "executrix" is *descriptio personæ* only, and does not alter their legal relation to the transaction.    They were properly sued by this title, because they were transacting business under it. They cannot complain that its use by the plaintiff is unauthorized, and their use of it legal.    The name of a person or a firm is the designation by which he or it is usually known, and there was no impropriety in giving the defendants' firm its chosen designation.

The attachment was not obtained for false pretenses or fraudulent representations, but for a fraudulent disposition of property.    On November 1st the defendants represented that they were doing the best business they had ever done, and had ample means to meet every obligation.    This was certainly an assurance of business prosperity and pecuniary responsibility on which any merchant could safely give credit, and it had that effect.    On November 29th they confess judgments aggregating $37,394.18, chiefly to relatives, and owe to the trade $100,000; and there is hardly sufficient property left to pay the judgments.    The pertinent inquiry that arises is, what has become of the difference in their assets, between $100,000 and $37,394.18?    Unexplained, it means that the defendants have fraudulently removed, secreted, or disposed of about $63,000 worth of their property; and this is good ground for an attachment.    Code, §§ 635, 636, 3169.    If this amount of property had been disposed of within four weeks, in the ordinary course of trade, the proceeds would have represented more than the amount of money.    Then what has become of the money?    Such sales, in the ordinary course of trade, would naturally make a firm prosperous, not bankrupt; yet the defendants preserve an ominous silence, and offer no explanation.    If the plaintiffs had caused the arrest of the defendants for obtaining goods by false pretenses, the burden of proving that the representations were false would have devolved on the plaintiffs, for the reason that presumptively the representations were true. Treating them as true, and this the plaintiffs have done, the *onus* is shifted on the defendants of accounting for what becomes of the property they admitted by their representation they possessed.    *Wilmerding* v. *Mooney,* 11 Abb. Pr. 283; *Muser* v. *Alexander,* Daily Register, Oct. 24, 1884; *Van Moppes* v. *Bretner,* city court, general term, Dec., 1888, affirmed by common pleas, general term.[1]    The defendants have given no explanation, and by moving upon the plaintiffs' affidavits admit, for the purpose of this motion, the truth of all

[1] No opinion.

the facts alleged, with every legitimate inference to be drawn from such facts; and these sufficiently established the charge that the defendants have removed, secreted, or disposed of their property, out of the ordinary course of trade, with intent to defraud their creditors, particularly the plaintiffs and such others as have been left without the protection of confessions of judgment. The favored few have been secured by the defendants in this manner, and are willing to rest on their security. If the defendants had met misfortunes or reverses; had failed to realize on their sales; if the market had depreciated in an unusual extent; or if some event unforeseen at the time the representations were made had occurred,—all these things were within the personal knowledge of the defendants, and should have been shown by them in explanation of a failure which their representations, taken as true, seem to make inexplicable by any honest course of business dealing. They have chosen to remain silent under the charge of fraudulent disposition of property; and they cannot complain if the court deems their failure, so unexpected by the plaintiffs and the trade, incapable of honest explanation. For these reasons the motions to vacate the attachments will be denied, with $10 costs in each case, on payment of which the defendants may have leave to renew their applications on affidavits denying the making of the representations, or giving such explanation in regard to their property as may negative any fraudulent disposition thereof.