(34 Misc. Rep. 428.)

ST. REGIS PAPER CO. v. SANTA CLARA LUMBER CO. et al

(Supreme Court, Special Term, St. Lawrence County. April, 1901.)

1. LAW OF THE CASE—SECOND TRIAL.

After grant of an injunction in an action to compel specific performance of a contract to deliver a certain amount of pulp wood for a term of 10 years, restraining defendant from parting with certain pulp lands in alleged violation of the contract, the appellate division decided that the facts showed only a contract for a sale of chattels, as to which specific performance would not be granted, and set aside the injunction. *Held* that, where the case came up again for trial, the special term must dismiss the same,·as by the judgment of the appellate division it was determined that the case presented no ground for equitable relief.

2. LIS PENDENS—CANCELLATION.

Under Code Civ. Proc. § 1674, giving a defeated party the right to preserve a notice of lis pendens for purposes of appeal, a court has·no power to cancel a lis pendens upon a mere dismissal of a complaint.

Action by the St. Regis Paper Company against the Santa Clara Lumber Company and others for specific performance. Motion to cancel lis pendens denied.

Elon R. Brown, for plaintiff.
Henry W. Jessup, for defendants.

RUSSELL, J. After notice of motion to cancel the lis pendens was served, the counsel for the respective parties, by voluntary consent, appeared to try the action. Before any proof was given, counsel for the defendants moved for the dismissal of the complaint upon the merits, on the ground that, taking the allegations of the complaint as true, no equitable relief can be had, and no common-law demand for damages is prayed for. The motion assumes it to be true, as claimed·by the plaintiff, that, on the 29th of August, 1899, it agreed to sell and deliver to the plaintiff from 11,000 to 13,000 cords of pulp wood each year for 10 years, at $9 per cord, which wood was essential to the daily business of the plaintiff in manufacturing paper on the plant recently established by it at a great expediture of money; that practically the only means whereby the defendant could perform the contract was the use of its 32,000 acres of wild land in Franklin county, which was substantially its only property, and the sale of which and its products substantially the only business calling for the continued existence of the defendant as a corporation; that in the written contract the defendant agreed not to sell any of the lands or pulp wood during the term of the contract so as in any way to jeopardize or prevent its fulfillment and performance of the contract; that it is also agreed that the equity of the plaintiff in the contract was assignable, showing that the parties intended that some equitable lien or right beyond a common-law claim for damages was transferred by the defendant to the plaintiff; that the identity of the pulp wood, which was not bought for purposes of sale or transfer, but for absorption into the products of the plaintiff's work currently and continuously for 10 years, was further recognized by the agreement for 10 years' extension in case the pulp wood was not exhausted on the 32,000-acre tract at the expiration of the first period of 10 years, and that there

was barely sufficient pulp wood upon the tract to comply with the agreement for the 10-years supply with a 10-years extension; and also by the provision that the defendant was not obliged to deliver a single cord beyond that obtained from the 32,000-acre tract, nor in place of any destroyed by fire, nor from any lands taken by the state out of the tract,—it being within the forest preserve,—and that the damages sustained by the plaintiff in case of such condemnation should belong to the plaintiff; that, while awaiting the supply for the season of 1900, at which time the plaintiff could not obtain for its current use the necessary amount from other vendors without great sacrifices, and at a time when the price of pulp wood had increased so largely as to enable the defendant to sell the amount it had cut during the winter 1899–1900 at a highly increased profit, the defendant repudiated the execution of the contract on abrupt notice upon the ground of a pretended rescission for alleged failure to advance approximately sufficient to recover the expenses of cutting, rossing, and hauling the 12,-000 or 13,000 cords of wood ready for delivery, which pretended rescission was not sustained by the facts, and not justified in the law; that the defendant threatened to and was in the act of selling the lands and products free from any claim of the plaintiff, and thus depriving it of any power to obtain from the defendant any execution under the written contract signed by both the parties.

Upon this verified complaint, and affidavits presented by both parties, the same justice before whom this trial is had granted a preliminary injunction against any transfer or disposition by the defendant of the wood in controversy that would impair the security of its obligation to cut and deliver the wood agreed to be delivered during the 10, and possibly 20, years in the future; the object of the contract being the continuous supply of raw material identified, and which was claimed by the defendant to be realty until cut and delivered, and which, if sold to other parties, destroyed the basis of the contract itself as much as would any effectual rescission. 31 Misc. Rep. 695, 66 N. Y. Supp. 59. On appeal the injunction order was reversed, the court holding that the contract was one for the sale and delivery of personal property, and that a court of equity will not decree a specific performance of a contract relating to chattels; and also that the difficulties attending the execution of a judgment for specific performance were such that the court would not undertake to direct a judgment which it could not without great difficulty determine was properly complied with on account of the continuous and varied character of the performance for a long term of years. 55 App. Div. 225, 67 N. Y. Supp. 149. The remaining part of the opinion of the appellate division is devoted to a consideration of the matter of the attempted rescission, which is conceded to be a question of fact for trial, and to a discussion of the practical effects of an injunction, which I do not deem as intended to modify the fundamental rules applied to the consideration of this case so far as this motion is concerned, especially as the injunction order fully provided for security that the defendant should not suffer loss in case its contract was not enforceable, and that the contract price should be continuously paid, so that its operations might be carried on without loss, and the excess

beyond the contract price fully paid for if the litigation resulted in the defendant's favor, following the language of the opinion at special term, which was as follows:

"Yet the defendant should be protected from loss, so that, in case of success, the court should not have mistakenly worked them serious injury. In addition to the general security upon temporary injunction, the plaintiff should have a satisfactory undertaking to take the present cut, and pay the balance at nine dollars per cord, and any additional value found, in case it does not succeed, without prejudice to defendants' claimed rescission, so that the Santa Clara Company may not suffer loss by depreciation in quality from exposure or otherwise; and also to take on similar terms, during litigation, the future cuts, so that this company may reasonably provide for the current efficiency of its plant, and utilize its property as though not disturbed by injunction."

The reversal of the injunction order, therefore, was based upon two fundamental propositions established in this case by the appellate division. The first proposition holds that no action for a specific performance could be decreed, and the second that no injunction would lie. I therefore do not see any escape from holding that the law in this case, as at present established, forbids any equitable relief, and accordingly grant the motion, and dismiss the complaint, with costs.

I doubt the power to cancel the lis pendens except under the specific terms of section 1674 of the Code of Civil Procedure. That section seems to give this remedy of cancellation only where an action is settled, discontinued, or abated, or final judgment is rendered therein against the party filing the notice and the time to appeal has expired, or for an unreasonable neglect to proceed in the action. The situation of the case at present does not conform to any of the occasions presented by this section. That section impliedly gives the defeated party the right to a preservation of his notice for the purposes of an appeal if promptly taken. Whether, after judgment entered dismissing the complaint, the lis pendens has any further effective force, I do not undertake to decide, nor is such a decision necessary. The motion to cancel the lis pendens is denied, with costs.

Motion denied, with costs.