defendant in contempt for nonpayment of alimony, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Allen Caruthers, for appellant.

James J. Fitzgerald, for respondent.

CLARKE, J. On February 6, 1902, a final judgment was entered herein granting to the plaintiff an absolute divorce from the defendant. In said judgment, it was also provided that the plaintiff should have the care, custody, and control, during his minority, of the child of said parties, and that said defendant during the natural life of the plaintiff, and during the minority, in case of her death, of the child, should contribute to the plaintiff the sum of $20 per week for her support and the support, maintenance, care, and education of said child; the first payment to be made January 24, 1902, and each week thereafter. It appears that at the time of the making of the motion herein the defendant was in default in the payments provided for in said judgment in the sum of $2,840, and that the total paid under said judgment was $106. It further appears that the child is now 15 years of age, and is living with and is supported by the plaintiff. Both parties have married again since the divorce. The Special Term denied the motion to adjudge the defendant in contempt. The judgment stands unreversed, unappealed from, and not modified. The default in payment is not denied. The plaintiff was entitled to proceed as for a contempt, and the order asked for should have been granted.

The plaintiff in her moving papers and in the brief submitted in her behalf states that inasmuch as she has married again she does not desire any further personal support from the defendant; but that as the next friend of her and his minor child, she askes that the defendant be required to pay $10 a week for his education and support, and asks that if this court on this application has the power to modify the judgment accordingly, it do so. A party may voluntarily waive his rights, and this offer may be embodied in an appropriate order; said reduction to date from the issuance of the order to show cause herein.

The order appealed from should be reversed, with $10 costs, and disbursements, and the application to adjudge the defendant in contempt granted, with $10 costs. All concur.

---

M. LINDHEIM & CO. v. CENTRAL NAT. REALTY & CONSTRUCTION CO. et al.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

1. BROKERS—PROCURING EXCHANGE OF PROPERTIES—INTEREST IN PROPERTIES.

A broker, bringing about an exchange of property between the owners thereof pursuant to an agreement with one of them stipulating that the latter will pay to the broker certain sums on the signing of the contract, on the passing of the title, and on the sale of the acquired land, has no title or interest in either of the properties.

2. LIS PENDENS—RIGHT TO FILE—EXAMINATION OF COMPLAINT.

On a motion to cancel a lis pendens the court cannot look into the facts as on a trial, nor search the complaint as on a demurrer; and if the complaint on its face shows a suit affecting title to real property the court cannot question its sufficiency to justify the filing of a lis pendens.

3. SAME—COMPLAINT—SUFFICIENCY TO AUTHORIZE LIS PENDENS.

A complaint which alleges that transfers of real estate were subject to plaintiff's rights under an agreement, that certain conveyances were without consideration and void as against plaintiff and were a trick by which defendant attempted to devest itself of property which would otherwise be applicable to the payment of the amount due plaintiff under the joint enterprise, and that defendant intends by the same trick to convey the remaining property, and which prays that the rights of plaintiff in the unconveyed property be settled, that the amount thereof declared a lien thereon, and that defendant account for the property which came into its hands under the joint enterprise, shows that the action is for a judgment affecting title to real estate under Code Civ. Proc. § 1670, authorizing the filing of a notice of lis pendens in an action to obtain a judgment affecting title to real property, and the right to file a lis pendens is absolute.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, §§ 3, 5–8.]

4. SAME—CANCELLATION OF LIS PENDENS—AUTHORITY OF COURT.

A notice of lis pendens, properly filed as a matter of absolute right, can only be canceled pursuant to Code Civ. Proc. § 1674, prescribing when and how a notice of lis pendens may be canceled.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, § 33.]

Appeal from Special Term, New York County.

Action by M. Lindheim & Co. against the Central National Realty & Construction Company and another. From an order denying a motion to cancel a lis pendens, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

S. S. Myers (J. Charles Weschler, on the brief), for appellants.
Charles Strauss, for respondent.

CLARKE, J. Section 1670 of the Code of Civil Procedure provides that:

"In an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property * * * the plaintiff may * * * file in the clerk's office of each county where the property is situated a notice of the pendency of the action. * * *"

An analysis of the complaint discloses that the defendant Signell, being the owner of a certain piece of real estate in the borough of Manhattan, desired to exchange said property for certain lots in the borough of Brooklyn; and in consideration of plaintiff's rendering its services in bringing about said exchange, Signell agreed to pay him certain sums on the signing of the contract, on the passing of the title, and on the sale of the acquired lots at or above certain fixed amounts. The exchange was effected, and subsequently thereto Signell incorporated and organized the defendant Central National Realty & Construction Company, which took the title. Certain transactions by way of mortgage, exchange, sale, and building construction took place, and an agreement was made reciting the former agreement between plaintiff and Signell, in which the company agreed to pay to plaintiff

certain sums at certain times from the net proceeds of the operations, and a careful method for ascertaining those proceeds was set out, and the agreement was that upon the first $10,000 being realized plaintiff should receive $1,600, after the first $10,000 have been realized plaintiff should receive 25 per cent. until an additional $10,000 had been realized; and that after $20,000 had been realized plaintiff should receive 50 per cent. of the net balance.

Plaintiff has made frequent use of the phrase "joint enterprise or adventure." The facts are not to be established by mere characterization. Plaintiff's services were evidently those of a broker, and its claim is for payment therefor. It brought about an exchange of property between owners thereof; and for that service one of them agreed to pay it at an agreed time an agreed sum. It had no title or interest in either of the properties. It acquired neither a vendor's nor a vendee's lien. It does not profess to have acquired any title to the property, to have expended any money thereon, or to be entitled to any use or possession thereof. Its sole claim is to a certain sum from the realized net proceeds of sale thereof, after the deduction of all moneys, with all interest thereon, actually expended by the company in improving the properties, in carrying them, in paying off any mortgages upon them, or any taken in exchange, and all moneys actually expended in effecting exchanges and in acquiring and making sales. I do not understand that a broker acquires a lien upon real property, the sale or exchange of which he has negotiated, for his fees. Nor that such an interest is produced by an agreement to pay his fees out of the net proceeds after realization. It does not seem that he has a right to have the property sold for such purpose at his will, nor that the court could sell it at his instance. It may be that, as to the proceeds, he has a right to have the amount thereof determined and his share ascertained, and in such case would have the right to test the good faith of the sales and to establish the actual amounts realized thereon. The difficulty is, however, that on a motion to cancel a lis pendens we are not authorized to look into the facts as upon a trial, nor to search the complaint as upon a demurrer.

In Mills v. Bliss, 55 N. Y. 139, the court said:

"Whether the action can be sustained is not a question to be passed upon on this appeal. The plaintiff may fail to prove the facts alleged, or the court may hold that the action is untenable upon the facts stated. * * * The questions of fact as well as of law must be disposed of upon the trial and hearing of the cause. They cannot be determined upon an interlocutory motion. That the action, upon the theory upon which it is brought and upon the complaint as framed, does affect the title to real property, asserting as it does a legal and equitable right to a lien thereon, cannot be questioned, and upon the face of the complaint the notice of lis pendens was properly filed."

Brainerd v. White, 12 Abb. N. C. (N. Y.) 407, the court said:

"In this present case, if the motion had been granted, it would have been in consequence of the defendant contending that the plaintiff had not legal right to have the real estate charged, and of the court so holding. That would have been a determination of the plaintiff's cause of action against him. * * * The matter cannot be heard upon motion. Under section 1670 the nature of the judgment which the action is brought to recover is the description of the action which a notice of lis pendens may be filed, and not the validity of the cause of action as described in the complaint."

In Brox v. Riker, 56 App. Div., at page 391, 67 N. Y. Supp., at page 774, Mr. Justice Ingraham said:

"I think it must be apparent that upon a motion of this character the court cannot determine whether or not the action is well brought, or critically examine the complaint to see whether a demurrer to it would be sustained. If the object of the action is to recover a judgment specified in section 1670 of the Code, the court has no power to cancel the notice of pendency of action because it would be of the opinion from the allegations of the complaint that the action could not be maintained for that purpose. Where, however, the action is brought for an entirely different purpose than that specified in this section of the Code, having no possible relation to real property, and where there are no allegations in the complaint which would bring the action within the class of those which affect the title to real property, a mere demand for a judgment which is entirely foreign to the cause of action alleged would not justify the plaintiff in filing the notice. Whether or not the action is brought to recover a judgment affecting the title to real property must be determined by the allegations of the complaint, and if no fact is alleged which would justify such a judgment, and where the complaint as a whole shows that the action is brought merely to enforce a personal obligation of the defendant which has no relation to the real estate described it would seem to be clear that such an action is not one brought to recover a judgment affecting the title to real property."

In St. Regis Paper Co. v. Santa Clara Co., 62 App. Div. 538, 71 N. Y. Supp. 82, there was a motion made to cancel the lis pendens. The court upon a prior appeal in the same case, where the question of the injunction was under consideration, had said, "This contract is one relating to chattels, and in no sense is it a contract relating to realty," and very strongly intimated that action could not be maintained; and thereafter the trial court had dismissed the complaint. The plaintiff, however, had appealed. Mr. Justice Kellogg, speaking for the Appellate Division of the Third Department, said:

"If the complaint discloses the clear purpose to be the recovery of a judgment affecting real property, its use, possession, or enjoyment, the right to file a lis pendens is assured by section 1670. * * * The contest over all the matters set forth in the complaint, as also over the sufficiency of the complaint or of the facts therein stated, or of the right to maintain the action, must all be fought out in the action itself. * * * It is only where it is apparent from the complaint that the action is not brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property—that is, that such is not the purpose of the action—that a court on motion may direct the cancellation of the record of the notice on grounds other than those prescribed in section 1674."

And the motion was denied.

So in the case at bar, looking into the complaint as drawn, the purpose of it was to procure a judgment affecting the title to real estate. It alleges that the transfers were in the agreement itself "subject to the express arrangement that the premises were subject to the rights of the plaintiff under the said agreement of July 24, 1902"; that certain conveyances were "without consideration and void as against this plaintiff, in fraud of its rights, and were a trick and device * * * by which said defendants attempted to divest itself if its property, and put the same out of reach of the plaintiff, and to reserve for its own benefit and use property which would otherwise be applicable to the payment of the net amount due the plaintiff under said joint enterprise and adventure"; and, further, that it intends by this same trick and

device to get rid of the remaining properties now standing unconveyed of record in its name, and defraud the plaintiffs of its rights, unless the court comes to the equitable aid of the plaintiff. The judgment demanded is that the rights and interests of plaintiff in the property unconveyed may be ascertained and settled, the property sold under the direction of the court, the proceeds divided in accordance with the agreement, "and that plaintiff be declared to have a lien in its favor for such amounts as it may be entitled to," that the defendants account for any and all property which came into their hands under said joint enterprise or adventure as well as the value or proceeds thereof, and that an injunction issue against their disposing of said real property. It thus appears that, whether the complaint be good or bad, the purpose of the action is to have a lien upon real property declared and enforced; and therefore the action is brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property. Being so, the right to file the lis pendens was absolute, not resting in the discretion of the court, but conferred by statute, and, having been properly filed, it cannot be canceled, except pursuant to section 1674 of the Code of Civil Procedure. Beman v. Todd, 124 N. Y. 114, 26 N. E. 326.

The order should be affirmed, with $10 costs and disbursements. All concur.