(158 App. Div. 494.)

BREDE v. ROSEDALE TERRACE CO.

(Supreme Court, Appellate Division, Second Department.   October 3, 1913.)

1. VENDOR AND PURCHASER (§ 75*)—CONTRACT OF SALE—IMPROVEMENT OF SUBURBAN PROPERTY.

Where plaintiff purchased certain lots from defendant, a developer of suburban property, the contract providing that defendant should grade streets, plant shade trees thereon, and put down cement sidewalks, defendant was required to grade streets, plant shade trees, and put down cement sidewalks on all the streets within a reasonable time.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 113–118, 126; Dec. Dig. § 75.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Index

2. VENDOR AND PURCHASER (§ 75*)—PERFORMANCE—REASONABLE TIME.
   Where a contract required defendant to grade, plant shade trees, and put down cement sidewalks on all the streets in defendant's suburban addition within a reasonable time, the lapse of six years without the work being performed was unreasonable.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 113–118, 126; Dec. Dig. § 75.*]

3. VENDOR AND PURCHASER (§ 341*)—CONTRACT—PERFORMANCE—FINDINGS.
   Where defendant, engaged in developing certain suburban property, to induce plaintiff to purchase certain lots therein, contracted to grade streets, plant shade trees, and put down cement sidewalks within a reasonable time, evidence that at the expiration of six years a little more than half of the sidewalks had been laid, and generally only on one side of projected streets, and that the only grading was by running a plow over the proposed streets, and there was no proof either way as to the setting out of shade trees, a finding that defendant had graded the streets, planted shade trees thereon, and put down cement sidewalks, as required by the contract, was erroneous.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*]

4. VENDOR AND PURCHASER (§ 337*)—CONTRACT—DUTY TO PERFORM—VENDEE'S LIEN.
   Where plaintiff's contract to purchase certain suburban property obligated defendant to grade, plant shade trees, and put down cement sidewalks on all streets, and after the expiration of a reasonable time defendant had wholly failed to do so, plaintiff was entitled to refuse to make further payments, and impress a lien on the property for the money paid.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. § 337.*]

Appeal from Special Term, Kings County.

Action by Herman Brede against the Rosedale Terrace Company. Judgment for defendant, and plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Robert H. Koehler, of Brooklyn, for appellant.
Hugo Hirsh, of Brooklyn, for respondent.

STAPLETON, J. The plaintiff and the defendant entered into a contract for the purchase and sale of real estate. The defendant was a developer of suburban property. The plaintiff agreed to pay $3,955 for eight lots, the dimensions of each being 20 feet by 100 feet. The payments were to be made as follows: Three hundred dollars on the signing and delivery of the contract, and $20 in each and every month thereafter until the entire amount of the purchase money, with interest at 6 per cent. on all unpaid balances, and taxes and assessments, should be paid. The contract contained this provision:

"Said party of the first part [the defendant herein] agrees to grade all streets and plant shade trees thereon, and put down cement sidewalks."

The date of the contract was the 31st day of October, 1906. The plaintiff paid $1,380, and made his last payment on the 1st day of

May, 1911. On the 23d day of July, 1912, he commenced this action to impress a lien on the property for the amount of the money he had paid, alleging in his complaint that the defendant failed and neglected to comply with the contract provision hereinbefore quoted.

The undisputed evidence shows that a little more than half of the sidewalks had been laid in the tract under development at the time of the trial, six years after the date of the contract, and generally sidewalks had been laid on only one side of the projected streets. There were streets laid out on the map referred to in the contract. As to grading, the only conclusion fairly warranted by the evidence is that a plow was run over the proposed streets. There was no evidence, either way, as to shade trees.

The trial court made this finding:

"V. That the defendant has graded streets and planted shade trees thereon, and has put down cement sidewalks, as provided in said contract."

Judgment was directed, dismissing the complaint on the merits, and judgment was entered accordingly.

[1] A fair construction of the provision of the contract quoted required the defendant to grade all streets, plant shade trees on all streets, and put down cement sidewalks on all streets. The punctuation by comma in the body of the sentence may not operate to compel an absurd construction.

[2, 3] No time having been fixed, a reasonable time is implied (Simon v. Etgen, 152 App. Div. 399, 402, 137 N. Y. Supp. 369), and six years is beyond the bounds of reason. Purchasers who pay substantial prices for lots in process of development are entitled to require the developer fairly to live up to his express promises. They do not, in the light of these contract obligations on the part of the vendor, pay substantial sums of money for uncultivated farms and undisturbed sand lots. The finding quoted, upon which the judgment rests, is without evidence to sustain it.

[4] We are unable to distinguish this case from Feldblum v. Laurelton Land Co., 151 App. Div. 24, 135 N. Y. Supp. 349, in which the vendee was adjudged to have a vendee's lien under a state of facts essentially similar.

The fifth finding of fact should be reversed, and a finding in accordance with this opinion should be made. The judgment should be reversed, and judgment on the merits directed for plaintiff, with costs in this court and at the Special Term. All concur.