ALBERT METZ, Plaintiff, *v.* FOREST HILLS HOMES, INC., Defendant.

Supreme Court, Special Term, Queens County, December 19, 1949.

*Thomas P. Cullen* for plaintiff.

*Jacob W. Friedman* for defendant.

HALLINAN, J. The plaintiff and the defendant entered into a contract on July 19, 1948, to purchase certain real property upon which the defendant was to construct a building in accordance with certain plans and specifications. On May 16, 1949, the plaintiff instituted an action against the defendant containing two counts predicated upon fraud. The " wherefore " clause sought the rescission of the contract, the payment with interest of $19,750 which the plaintiff had paid to the defendant, the additional sum of $10,000 as damages, and that " Plaintiff have such other and further relief as to this Court may seem just and proper together with the costs of this action." A copy of the agreement was attached to the complaint.

By an order to show cause, dated August 19, 1949, and returnable on August 25, 1949, the defendant moved to vacate, discharge and cancel the *lis pendens* on the ground that the action was not brought to recover a judgment affecting title to, or the possession, use or enjoyment of real property. The matter was adjourned to September 8, 1949, and by a memorandum decision dated September 19, 1949, the court granted the motion and directed the submission of an order (196 Misc. 623).

By an order to show cause dated September 22, 1949, returnable on September 27, 1949, the plaintiff moved for leave to reargue the foregoing motion. Said order to show cause also stayed the defendant "from taking any and all steps to vacate and discharge the Notice of Pendency of Action heretofore filed by the Plaintiff in the Office of the Clerk of the County of Queens on the 12th day of May, 1949 until the Motion herein is decided ". An admission of service of said order to show cause was made by defendant's attorney on September 23, 1949. In the meantime, the defendant submitted an order on the original motion,

the clerk's stamp on which shows the receipt thereof on September 21, 1949.

On September 26, 1949, the respective attorneys entered into a stipulation adjourning the motion for leave to reargue, at the request of the attorney for the defendant, to October 6, 1949. This stipulation also contained the following provision: " that the defendant shall be stayed from taking any and all steps to vacate and discharge the notice of pendency of action heretofore filed by the plaintiff in the office of the Clerk of the County of Queens on May 12, 1949, until this motion is decided."

Notwithstanding this stipulation and the order to show cause which was served upon the attorney for the defendant on September 23, 1949, neither the defendant nor his attorney withdrew the order directing the discharge of the *lis pendens,* which had been submitted on September 21, 1949, nor notified the court of the stay in the order to show cause or of the stipulation. Said order was accordingly signed on September 30, 1949, and the defendant caused it to be entered in the office of the Clerk of the County of Queens on October 1, 1949, vacating and discharging the aforesaid *lis pendens.*

On the adjourned date of the motion for reargument — October 6, 1949 — the Justice presiding in Special Term referred said motion to this court.

By deed dated November 9, 1949, and recorded on November 14, 1949, the defendant conveyed the property against which the *lis pendens* had been filed to Michael C. and Rose Fina.

By an order to show cause, dated November 30, 1949, the plaintiff has now moved to vacate the order of this court, dated September 30, 1949, directing the discharge of the said *lis pendens* upon the ground that it was entered in violation of the stay contained in the order to show cause dated September 22, 1949, and of the stipulation signed by the defendant's attorney on September 26, 1949. This motion was likewise referred to this court for disposition. Service of this order to show cause was directed to be made upon the purchasers, Michael C. and Rose Fina, but they defaulted and the defendant alone submitted an affidavit by his attorney in opposition.

There can be no question, in view of the stay which was contained in the said order to show cause and which was continued by stipulation of the attorney for the defendant, that the entry of the order canceling the *lis pendens* was, to say the least, improper and accordingly the said order is vacated in all respects.

As to the motion for leave to reargue, such leave is granted and the original disposition withdrawn. Upon reargument, the court is of the opinion that the first cause of action must be considered in light of the contract of the parties, dated July 19, 1948, which was thereto annexed, and the terms of which must prevail. (*Kucker* v. *Gates Container Corp.*, 263 App. Div. 1006, affd. 289 N. Y. 664; *Red Robin Stores* v. *Rose,* 274 App. Div. 462.) So considered said cause of action was of the character which justified the filing of a *lis pendens,* pursuant to the provisions of section 120 of the Civil Practice Act. True, the complaint was inartistically drawn, but even upon a motion challenging legal sufficiency, matters of form are disregarded and the substance alone considered, as corrections may be made by amendment. (*Drydock Knitting Mills* v. *Queens Machine Corp.,* 254 App. Div. 568.) Indeed, it appears from the filed papers that the instant complaint was amended by an order of this court dated October 10, 1949, following a contested motion for leave to amend.

Upon a motion to vacate a *lis pendens,* however, the defendant cannot challenge the complaint because it is insufficiently pleaded in the absence of a motion directly challenging its sufficiency. (*Kirschner-Goodheart Associates* v. *Whitehead Management Corp.,* 60 N. Y. S. 2d 648, 650.) Whether the complaint is good or bad if the purpose of the action is to recover a judgment affecting the title to or the possession, use or enjoyment of real property, the right to file a *lis pendens* is absolute. (*Lindheim & Co.* v. *Central Nat. Realty & Constr. Co.,* 111 App. Div. 275.)

There is no longer any question that after a contract has been rescinded on the ground of fraud, an action may be brought for the purpose of foreclosing a vendee's lien and in connection therewith a *lis pendens* may be filed. (*Interboro Operating Corp.* v. *Commonwealth Security & Mtge. Corp.,* 269 N. Y. 56.) The first cause of action may be reasonably construed as seeking such relief. The property affected was described in paragraph " Second " thereof. The complaint alleged that plaintiff had no adequate remedy at law and the contract of the parties was attached. Although the prayer for relief did not expressly seek the foreclosure of a vendee's lien, it had an omnibus prayer for " such other and further relief as to this Court may seem just and proper ". However, the prayer for relief is not conclusive. (*Sorensen* v. *Keesey Hosiery Co.,* 244 N. Y. 73, 80.) The trial court in an equity suit grants such relief as the pleadings and

the proof at the trial may warrant. (*Niagara Falls Power Co. v. White*, 292 N. Y. 472.)

A purchaser of real property has an equitable vendee's lien not only " where the breach of the contract of sale arises from inability on the part of the vendor to give marketable title, but * * * likewise * * * where the contract of sale is broken by the vendor, either deliberately or from neglect. The vendee's money has gone into the land, and the establishment of a lien in favor of the vendee is but following the moneys into the land and impressing the land itself * * * with the burden of the moneys so paid." (*Feldblum* v. *Laurelton Land Co.*, 151 App. Div. 24, 28, affd. 210 N. Y. 594. See, also, *Brede* v. *Rosedale Terrace Co.*, 158 App. Div. 494.)

Accordingly, the original motion by the defendant, initiated by the order to show cause dated August 19, 1949, to vacate and cancel the *lis pendens* herein filed on May 12, 1949, is denied.

Settle order on notice.