Frank A. Gulotta, J.
This motion, brought on by order to show cause, seeks to vacate a notice of pendency of action upon the ground that the action is not one of those mentioned in section 120 of the Civil Practice Act pursuant to which the lis pendens was filed.
The right to file a lis pendens is statutory and unless the action comes within the terms of the statute the notice will be cancelled on motion. Section 120 provides for the filing of a lis pendens “ In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property ”.
*153 The complaint alleges that plaintiff and defendant negotiated for the purchase and sale of certain real property, that as evidence of good faith and as a deposit plaintiff gave to defendant the sum of $1,000 to be applied toward the purchase price “in the event the parties agreed upon terms of such sale”, that the terms never were agreed upon and that defendant refuses to return the said deposit. In addition to other relief, plaintiff asks that he be adjudged to have a lien against the real property.for that amount of money and that the premises be sold according to law to satisfy said lien.
A perusal of the complaint raises a number of questions. It will be noted from the allegations that this complaint is based on an oral arrangement to make a contract affecting real property. Its terms were to be agreed upon in futuro. While a vendee has an equitable lien under an executory contract for money paid by him under that contract (92 C. J. S., Vendor and Purchaser, § 556; Elterman v. Hyman, 192 N. Y. 113; Feldblum v. Laurelton Land Co., 151 App. Div. 24, 28, affd. 210 N. Y. 594; Brede v. Rosedale Terrace Co., 158 App. Div. 494) it would appear that where no contract in fact was entered into the intended purchaser has no lien on the land for the amount of a deposit or payment to the owner, although made with intent that it should be applied to the purchase price (92 C. J. S., supra; Davis v. Rosenzweig, 192 N. Y. 128, 132, 133). Furthermore, no terms had been agreed upon so that all the elements of a contract are missing and thus does not fit within the category of an oral contract which had not as yet been reduced to writing.
It might also be argued that the complaint is one for money had and received and that the equitable relief demanded is only incidental thereto and perhaps without basis in law.
The difficulty is, however, that on a motion to cancel a lis pendens we are not authorized to look into the facts, nor to search the complaint as upon a demurrer (Lindheim and Co. v. Central Nat. Realty & Constr. Co., 111 App. Div. 275). Whether the action can be sustained upon the trial as an equitable lien is of no moment. The plaintiff’s action may be untenr able as a matter of law’ upon the facts alleged, or he may fail in his proof. These questions, however, are not for the court on this type of motion (Kirschner-Goodheart Associates v. Whitehead Management Corp., 60 N. Y. S. 2d 648; Mills v. Bliss, 55 N. Y. 139). Even though a complaint may be inartistically drawn and even though it ask for other relief, in addition to a vendee’s lien, if a perusal of the allegations indicates that its purpose, reasonably construed, is to recover judgment affecting the title to, or the possession, use, or enjoyment of real property the lis pendens may not be cancelled. (See Interboro Oper. *154 Corp. v. Commonwealth Security & Mtge. Corp., 269 N. Y. 56; Metz v. Forest Hills Homes, 197 Misc. 968 [on reargument].)
If the allegations had no possible relation to the real property and no allegations in the complaint which would bring the action within the class specified in section 120, as in the case of Brox y. Biker (56 App. Div. 338), a mere demand for judgment which is entirely foreign to the cause of action alleged would not justify the filing of a lis pendens. An action, for example, to enforce a personal obligation unrelated to real property, does not justify the filing of a lis pendens. In the instant case, however, the money paid is directly related to the particular parcel of real property and was interwoven into an arrangement, even though bad, for the purchase and sale of that particular property.
By comparison, the case of Lindheim and Co. v. Central Nat. Realty & Constr. Co. (111 App. Div. 275, supra) presented a situation where plaintiff, a real estate brokerage firm, sued to recover brokerage commissions. As the court pointed out, even though in its opinion it would ultimately be held that the plaintiff had no other interest in the property involved and had acquired no vendor’s or vendee’s lien and could not compel the sale of the property to satisfy its claim, since the complaint was couched in language which alleged it had a lien which it wanted adjudicated and enforced, whether the complaint was good or bad, the allegations made it an action purporting to affect title to real property, and the lis pendens could not be cancelled.
Certainly the case at bar finds more justification in its facts for sustaining the lis pendens than does the Lindheim case which is the leading one on this subject.
The defendant can, of course, discharge the lis pendens by filing an undertaking pursuant to section 124 of the Civil Practice Act.
Motion denied. Short-form order signed.