Henry A. Hudson, J.
The defendants have moved to cancel, the Us pendens filed in the Jefferson County Clerk’s office in this action on the 7th day of May, 1959 upon the ground, first, that the complaint in the action was not verified and, second, that as appears from the complaint, the cause of action stated therein is for a rescission and not one to impress a lien and, therefore, that it is not in its nature an action brought to recover a judgment affecting the title to, or the possession of or enjoyment of real property.
There is no dispute that the complaint, which together with the summons, was served upon the defendants February 16,1958, was an unverified complaint. On May 7, 1959 the plaintiffs caused to be filed in the office of the County Clerk of Jefferson County, a copy of a complaint verified May 1,1959. No amended verified complaint was served upon the defendants. An examination of the complaint in the action shows that it sets forth a cause of action to rescind a contract, to recover payments made and to recover damages by reason of the acts of the defendants, which form the basis of the plaintiffs ’ cause of action in rescission. The complaint contains no allegation of and no prayer for relief in respect to impressing a lien upon the premises. Section 120 of the Civil Practice Act specifically requires that a cause of action be based upon a verified complaint setting forth a cause of action affecting the title to, or the possession, use or enjoyment of real property before a plaintiff is entitled to file a notice of pendency.
Inasmuch as the complaint, which was served upon the defendants was unverified, I am of the opinion that the plaintiffs are bound thereby and were not entitled to file a notice of pendency. It is true that a verified complaint was filed with the notice of pendency but this complaint cannot be in any way binding upon the defendants who were never served with a copy thereof nor in fact with any amended, verified complaint.
An examination of the complaint in the action which was served upon the defendants shows clearly that only an action for rescission and for the recovery of payments made upon the contract as well as damages, is alleged. This, I believe, brings its squarely within the holding in Davis v. Rosenzweig Realty Co. (192 N. Y. 128) that such an action will not support the impression on real property of a lien and, therefore, is not an action affecting the title to, or the possession, use or enjoyment of real property within the meaning of section 120 of the Civil Practice Act.
Examination of the contract annexed to the complaint and made a part thereof indicates that there was no clause or provision in the contract providing that a breach, such as alleged *1016 in the complaint, would entitle the plaintiffs to a lien upon the real estate. The case does not, therefore, come within the exception to the rule established in Davis v. Rosenzweig Realty Co. (supra) which had been indicated in several decisions called to my attention. (Interboro Operating Corp. v. Commonwealth Security & Mtg. Corp., 269 N. Y. 56; Metz v. Forest Hills Homes, 196 Misc. 623,197 Misc. 968; Klarfeld v. Reil, 109 N. Y. S. 2d 230.) The defendants’ motion is granted, without costs.