Lawrence H. Cooke, J.
Defendants seek the cancellation of the Us pendens which has been filed herein.
Section 120 of the Civil Practice Act provides for the filing of a Us pendens in “an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property ”. Prom the complaint herein it appears, among other thing's: that plaintiffs conveyed certain promises to the defendant corporation, the purchase price being $200,000; that at the time of closing said corporation executed two bonds and mortgages for a total of $150,000, paid $25,000 and agreed to pay the balance of $25,000 within 90 days; that at said time said corporation executed its note for $25,000 which was cosigned by the individual defendants payable in 90 days to secure the payment of said $25,000 unpaid; that there is a balance of $15,000 due thereon ‘ ‘ which said sum is a lien upon the premises herein ’ ’; and it is sought by said complaint to have an adjudication that plaintiffs have a lien on said premises for said $15,000 and interest, that the equities of the parties be adjusted, that the interest of said corporation in the premises be sold and that from the proceeds of sale the plaintiffs be paid the amount of their lien and interest and, in case of deficiency, that plaintiffs have judgment for the amount thereof.
The vendor, as a rule, has an equitable lien upon the real property conveyed for the unpaid purchase price, even though there is no agreement to that effect (Bennett v. Murphy, 123 App. Div. 102, 104, affd. 195 N. Y. 553; see 6 Warren’s Weed, New York Real Property, pp. 196-198). As pointed out in M-L Servicing v. Briggs (5 A D 2d 1042) a vendor’s lien will be deemed waived if the vendor “ takes any security for the purchase money, as a mortgage upon the same or other property, or the note or other obligation of a third party ” (Maroney v. Boyle, 141 N. Y. 462, 467) or if he takes “ any security independent of a personal liability of the vendee to respond for the consideration-money ” (Payne v. Wilson, 74 N. Y. 348, 353).
The problem comes to mind as to whether the taking of the note signed by defendant corporation, the vendee, and “cosigned” by the individual defendants was the acceptance of the purchaser’s note, not constituting a waiver, or was it the taking of a note or other obligation of third parties such as to be a waiver of the lien. Was the note the giving of security independent of the personal liability of the vendee? The difficulty is that on a motion to cancel a lis pendens we are not authorized to look into the facts as upon a trial, nor to search the complaint as upon a demurrer (Lindheim & Co. v. Central Nat. Realty & Constr. Co., 111 App. Div. 275, 277). Whether *405 the action can be sustained upon the trial as one for an equitable lien is of no moment at this time; the plaintiffs’ action may be untenable as a matter of .law upon the facts alleged or they may fail in their proof but these questions are not for the court on this type of motion (Mills v. Bliss, 55 N. Y. 139, 143-144; Bazinover v. Bazinover, 222 N. Y. S. 2d 258; Schuman v. O’Day, 21 Misc 2d 152; Metz v. Forest Hills Homes, 197 Misc. 968; Kirschner-Goodheart Associates v. Whitehead Management Corp., 60 N. Y. S. 2d 648). The question whether an action affects the title to or possession, use or enjoyment of real property is an entirely different one from whether the plaintiffs can succeed in the action (Schomacker v. Michaels, 189 N. Y. 61, 65).
The purpose of the action, as disclosed by the complaint, being to foreclose a lien on real property, it falls within the contemplation of section 120 of the Civil Practice Act and, this being so, the lis pendens may not be cancelled for the reason that a court, looking into the future, might conclude that plaintiffs will not on the merits finally prevail (Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp., 269 N. Y. 56, 58-59).
Motion denied.