Lawrence E. Kahn, S.
In this proceeding, the availability of a lis pendens as security is the threshold issue to be determined. Petitioner-objectant originally brought a motion asking the court to grant a lis pendens against certain property of respondent executrix. At that time, respondent consented to the filing of the lis pendens and agreed to a stipulation and order which was entered by this court on December 10, 1976. Petitioner in this instant proceeding is seeking an order to extend this lis pendens to additional property to provide further security. Respondent contends that this court has no authority to direct a lis pendens and asks the court to deny this relief and further to vacate the original lis pendens.
This estate has been a source of bitter controversy from the initial probate stages and there still remains unresolved objections to the intermediate accounting. Petitioner contends that adequate security must be provided in order to ensure that the estate assets are not depleted to her detriment. Without deciding the merits of the objections to respondent’s intermediate accounting, it is clear that a number of serious allegations have been raised which, if proven, would cause a substantial surcharge to be levied against respondent. In the face of these allegations and in light of respondent’s questioned domicile, it is the prudent course for this court to require adequate security to protect this estate and its beneficiaries. The nature of that security is the issue at hand.
As to the original lis pendens, while this is not a case as described in CPLR 6501 which would ordinarily permit the filing of a lis pendens, the respondent did voluntarily consent to the filing of such a lis pendens. CPLR 6501 permits a lis pendens to be filed in any action "in which the judgment demanded would effect the title to, or the possession of, real property.” Since a lis pendens is a provisional remedy and is viewed as an extraordinary privilege, courts have demanded strict compliance with the statutory requirements. (Israelson v Bradley, 308 NY 511; Caracas Realty Corp. v Jeremias, 31 Misc 1074.) Thus, the propriety of a lis pendens must stand upon the allegations in the pleadings, and the court should look to the primary purpose of the action, as set forth in the complaint or counterclaim. (Siegel v Silverstone, 250 App Div *58 784; Rubinfeld v Mappa, 42 Misc 2d 464; rather than to the demand for relief, Schlegel v Finger Lakes Racing Assn., 38 Misc 2d 268; Rosenberg v Ritter, 34 Misc 2d 1099; Tavolacci v Valentine Enterprises 34 Misc 2d 775.)
Protection for a defendant against the adverse effects of a notice of pendency is provided for in the cancellation provisions of CPLR 6514. Since the right to file a lis pendens is absolute in an action in which the judgment would effect real property, the court does not have the power to cancel it arbitrarily. (Moeller v Wolkenherg, 67 App Div 487.) The general rule here is that a court may not cancel a notice of pendency except as expressly provided in CPLR 6514. (Beman v Todd, 124 NY 114; Marpret Constr. Corp. v Hargust Land Corp., 214 App Div 792.) Notwithstanding an absence of explicit statutory authority, a court has the power to cancel a lis pendens when the complaint fails to state a cause of action affecting real property. (Rubinfeld v Mappa, supra; Schlegel v Finger Lakes Racing Assn., supra; Tinkess v Burns, 24 Misc 2d 1014; Weisinger v Rae, 19 Misc 2d 341.) No express authority for this power is necessary, because the action is not one in which a lis pendens could properly be filed in the first instance. (Schlegal v Finger Lakes Racing Assn., supra; Schuman v O’Day, 21 Misc 2d 152.) Such a result seems eminently equitable, because a landowner must have a remedy to clear the record of an improperly filed lis pendens that might impair the marketability of his property.
In granting the original lis pendens herein, this court had merely confirmed the agreement made with respondent’s consent. The prior order of this court, dated December 10, 1976, expressly stated that such a lis pendens would not prevent the sale of said property, would be subject to the further order of this court, and further provided that the moneys obtained from such sale would be "received, held and deposited in accordance with the further order of this court”. A lis pendens itself does not prohibit the sale of such property but rests upon the policy that the plaintiff’s action should not be defeated by an alienation of the property during the course of the lawsuit. (Lamont v Cheshire, 65 NY 30.) Therefore, having agreed to these terms, the respondent, while not now estopped from asserting that said lis pendens is improper, is estopped from denying petitioner’s claim for security based upon the agreement of respondent. While a lis pendens is a provisional remedy not normally permitted in estate matters such as this, *59 the consent of respondent did make it an appropriate basis for security in this case. Respondent has been unable to obtain a bond for security at this late state of this estate proceeding. Absent the availability of procuring a bond, this court has now determined that the deposit of the proceeds of the sale of said property will serve as a reasonable and appropriate form of security. Accordingly, the original lis pendens shall be canceled and the proceeds of the sale of said property which is imminent shall be held and deposited in an account in the name of the respondent, jointly with the clerk of this court, subject to further order of said court.
As to the extension of this lis pendens to adjoining property, it is clear the respondent does not consent or voluntarily agree to such an extension. CPLR 6501 only permits the filing of a lis pendens in a proceeding involving title, use, enjoyment or ownership of real property. This proceeding does not fall within the purview of this section and, therefore, extension of the lis pendens will not be permitted as to this additional property.
Another appropriate and equitable form of security in this case would be an attachment pursuant to CPLR article 62. Unlike a lis pendens, an attachment is not restricted to cases involving the right, title, ownership and enjoyment of a specific piece of property. An attachment is available against an executor when such person would be individually liable. (Matter of Galloway, 21 Wend 32; Van Camp v Searle, 147 NY 150; and Wickham v Stern, 9 NYS 803.) Petitioner would be entitled to a surcharge against respondent and a money judgment if the allegations as set forth in the objections are established as true. As such, this is a proper action and grounds may exist for permitting an attachment in an estate proceeding such as this for the purpose of providing additional security.