OPINION OF THE COURT
Stanley S. Ostrau, S.
In this contested accounting proceeding several applications
*549 seeking pretrial relief have been submitted. Specifically, said applications are as follows:
3. Application by objectants, by orders to show cause, inter alia, to amend objections and to join additional parties;
4. Application to cancel notices of pendency pursuant to CPLR article 65.
Decedent died on January 30, 1956. His will was duly admitted to probate by decree of this court entered on March 5, 1956. Letters testamentary issued thereunder to decedent’s spouse, the nominated executrix. Decedent’s will bequeathed one third of the residuary estate to his spouse and the remaining two thirds, in equal shares, to his three children with the further direction that the share of his two daughters be held in a "trust fund” until they each attained the age of 23 years. Decedent’s daughters attained the age of 23 years in 1959 and 1961, respectively.
The record reflects that decedent’s estate apparently consisted of ownership of, or interest in, numerous unimproved parcels of real property located in Bronx County. The record further reflects that many of said parcels were intermittently sold by the executrix in the years after her husband’s death, and that the proceeds thereof were utilized to pay the indebtedness on other properties, to satisfy outstanding loans* to defray expenses associated with retention of the remaining parcels, and to pay the living expenses of herself and her children. None of the proceeds derived from these sales were ever placed into any bank account or trust fund for decedent’s daughters as directed by the will.
Upon an application by the daughters, on August 9, 1985, the court entered an order directing the fiduciary to render and seek judicial settlement of her account (Matter of Sakow, NYLJ, May 10, 1985, at 15, col 2). The executrix subsequently filed her account on April 11, 1986. Separate sets of objections were filed thereto by decedent’s daughters and by decedent’s son.
By order to show cause and supplemental order to show cause entered on March 4, 1987 and March 25, 1987, respectively, objectants Sakow and Breslaw seek the following additional relief: leave to file amended objections to the account nunc pro tunc; the addition of 17 parties to the proceeding; and the entry of a decree surcharging the fiduciary, awarding objectants punitive damages, costs, and attorneys’ fees against the executrix and Walter Sakow, revoking letters testamen-
*550 tary, and imposing a constructive trust on real property on behalf of objectants. The application is opposed by the fiduciary, Walter Sakow, and a number of the proposed additional parties.
Objectants posit the relief requested on the information allegedly ascertained through their extensive investigation of the case and, specifically, from the testimony of the executrix at her examination before trial. Objectants essentially contend that, throughout the 30-year history of this estate, Walter Sakow exerted, through the medium of his mother’s nominal authority as fiduciary, virtually total control over the assets of the estate. As a result, Walter Sakow was able, over this lengthy period of time, to convert numerous estate assets into other properties, the addresses and names of the record owners of which have only recently been discovered. Walter Sakow has also allegedly used funds belonging to the estate to purchase real property which is held on his behalf in the name of mere "nominees”. Said nominees comprise that class of persons and entities whom objectants now seek to add as additional parties to this proceeding. Objectants assert an estate interest in the aforesaid properties and, consequently, seek to impose a constructive trust on said realty on their behalf as residuary legatees.
During the pendency of the above applications, Walter Sakow and a number of the proposed additional parties commenced actions in the Supreme Court, by orders to show cause, seeking to cancel notices of pendency (CPLR 6514). Pursuant to a stipulation entered into by all of the parties to the above actions, the Supreme Court, by order entered on August 7, 1987, directed that said actions be transferred to this court for determination in the context of the instant accounting proceeding (CPLR 325 [e]).
The record reflects that, during the period between February 27, 1987 and March 27, 1987, Diana Sakow and Evelyn Breslaw filed with the County Clerk of the Counties of Bronx, New York, and Kings notices of pendency upon a number of the parcels of real property upon which objectants seek to impose a constructive trust and to compel a reconveyance thereof in this proceeding.
Movants in the transferred action contend that the notices of pendency filed by Diana Sakow and Evelyn Breslaw between February 27, 1987 and March 27, 1987 should be canceled for failure to comply with CPLR 6512. Movants *551 argue that the orders to show cause served on them subsequent to February 27, 1987 but before March 27, 1987 do not constitute a summons as contemplated by CPLR article 65. Respondents contend that the orders to show cause are sufficiently analogous to a summons, in the context of litigation in the Surrogate’s Court, to satisfy the requirement of CPLR 6512.
Pursuant to CPLR 6501, a notice of pendency may be filed in any action in a court of the State or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property. Accordingly, pursuant to said section, a notice of pendency may be filed in an otherwise appropriate proceeding commenced in the Surrogate’s Court. Furthermore, to the extent that the within accounting proceeding seeks to impose a constructive trust on the real property, this proceeding supports the filing of the notices of pendency since the relief sought in this aspect of the proceeding clearly affects the title to real property and satisfies the statutory requirement therefor (CPLR 6501; Wolinsky v Okun, 111 App Div 536; 7A Weinstein-Korn-Miller, NY Civ Prac If 6501.06).
In accordance with CPLR 6512, "[a] notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, a summons is served upon the defendant”. As noted above, although CPLR 6512 refers to service of summons which is the general means by which an action is commenced in the Supreme Court, the statute implicitly contemplates the service as well of an order to show cause which, along with citation, is the means by which a proceeding is commenced in the Surrogate’s Court (SCPA 103 [43]). Accordingly, since the record reflects that the orders to show cause were served upon movants within 30 days of the filing of the notices of pendency, said notices of pendency are valid.
CPLR 6511 requires that the notice of pendency be filed in the county where the property at issue is situated, and, unless it has already been filed in that county, that the complaint be filed with the notice. To the extent that the objections and proposed amended objections herein seek affirmative relief, they may be deemed to constitute, in effect, a counterclaim, and the filing of said objections with the notices of pendency constitutes compliance with the requirements of CPLR 6511 (see, Matter of Sabatino, 90 Misc 2d 56).
CPLR 6501 permits a notice of pendency to be filed in an
*552 action pending in any court. Pursuant to CPLR 105 (b), an action includes a special proceeding. SCPA 203 provides that every proceeding in the Surrogate’s Court is a special proceeding. CPLR 304 provides that a special proceeding is commenced, and jurisdiction acquired, by service of a notice of petition or order to show cause. Accordingly, the commencement of the within proceedings by order to show cause satisfies the requirement of CPLR 6512. Accordingly, upon the basis of all of the foregoing, it is concluded that the notices of pendency are valid and may not be canceled. Accordingly, the applications to cancel the notices of pendency are hereby denied.
[Portions of opinion omitted for purposes of publication.]